ROBERT A. HILL

v.

WOODFORD B. DAVIS, GENERAL CONTRACTOR

AND

LIBERTY MUTUAL INSURANCE COMPANY

No. 1587-93-2

Decided July 12, 1994

COUNSEL

Robert L. Flax, for appellant.

Nathaniel S. Newman; Glenn S. Phelps (Thompson, Smithers, Newman & Wade, on brief), for appellees.

OPINION

**BARROW, J.**—In this appeal of a denial of workers' compensation benefits, we are bound by our decision in *Cafaro Construction Co. v. Strother*, 15 Va. App. 656, 426 S.E.2d 489 (1993). However, we note that *Cafaro* applied a rule to permanent total disability which may be applicable only to permanent partial disability. Nevertheless, we must affirm.

The employee, then a fifty-eight year old roofer, injured his left leg, right heel, ankle, hip, nerves, and spine when he fell off a ladder at work in 1983. He later developed "severe traumatic arthritis" and nerve injuries as a result of the fall. He received 500 weeks of temporary total disability benefits.

The employee applied for benefits for permanent and total loss of use of his legs due to his leg and spine injuries. He presented letters from his treating neurologist that he had reached maximum medical improvement and had "suffered a permanent total loss of use of his legs for any substantial gainful employment from the injury that both legs sustained in his fall." Citing *Cafaro*, the deputy and the commission denied compensation because the employee had failed to present quantified evidence of the loss of use of his legs.[1]

In *Cafaro*, a panel of this Court held that "[b]ecause the evidence in support of the claimant's application fail[ed] to rate the functional loss of use of his legs, the claimant failed in his burden of proof to establish entitlement to benefits for permanent partial or total loss of use of his legs." *Id.* at 662, 426 S.E.2d at 493.

---

[1] The commission did not address the employer's contention that the employee's disability could have been caused by conditions not related to the injury.

Applying *Cafaro*, the commission denied compensation to Hill. However, a close reading of *Cafaro* suggests that, although correct with respect to permanent partial loss of use of a member under Code § 65.2-503(D), the rule in *Cafaro* may not be applicable to permanent total loss of use under Code § 65.2-503(C).

Code § 65.2-503(D) provides proportional compensation for partial loss or loss of use of a member. Thus, a numerical rating is required so that benefits may be proportionally awarded according to the percentage loss and determined by the schedule in Code § 65.2-503(B). *See County of Spotsylvania v. Hart*, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977) (requiring the commission to rate "the percentage of incapacity suffered by the employee" before awarding partial benefits); *see also Hungerford Mechanical Corp. v. Hobson*, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991) (same).[2] Code § 65.2-503(C), on the other hand, does not provide benefits for permanent, partial disability. It awards benefits for permanent, total disability arising from the "loss of . . . both legs." Where the loss or loss of use is total, no numerical rating is required, because benefits need not be apportioned. The authority relied upon in *Cafaro* dealt with cases involving permanent, *partial* loss; however, *Cafaro* extended the numerical rating requirement to cases of permanent, *total* loss.

Despite our concern that the rule in *Cafaro* may not be applicable to permanent total loss, we and the commission are bound by that decision. Generally, *stare decisis* does not prevent a court from correcting its own errors or mistakes. *Home Brewing Co. v. Richmond*, 181 Va. 793, 799, 27 S.E.2d 188, 191 (1943). However, while a panel decision of this Court is not forever binding, a "flagrant error or mistake" in a panel decision may be corrected only through the *en banc* hearing process. *Commonwealth v. Burns*, 240 Va. 171, 174, 395 S.E.2d 456, 457 (1990); *Day v. Commonwealth*, 12 Va. App. 1078, 1082, 407 S.E.2d 52, 55 (1991) (Barrow, J., concurring).[3]

---

[2] This rating is "not necessarily conclusive, but is subject to the commission's consideration and weighing." *Hungerford*, 11 Va. App. at 677, 401 S.E.2d at 415.

[3] The Supreme Court did not discuss language in Code § 17-116.02(D)(ii) which suggests that a panel of this Court is not bound by a previous panel decision, because it allows an *en banc* review where "a decision of [a] panel is in conflict with a prior decision of the Court or of any panel thereof." Code § 17-116.02(D); *see Day*, 12 Va. App. at 1082 n.1, 407 S.E.2d at 55 n.1.

Therefore, although we do not agree with *Cafaro*'s extension of the rating requirement to cases of permanent total loss, we are bound by it. For this reason, the decision of the commission is affirmed.

*Affirmed.*

Benton, J., and Cole, S.J. concurred.