COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

JACK B. McCREADY

v.   Record No. 1055-95-1                    MEMORANDUM OPINION[*]
                                                PER CURIAM
SCHULDERBERG & KURDLE COMPANY, INC.        NOVEMBER 7, 1995
AND
LIBERTY MUTUAL INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Karen M. Rye; Melody L. Cockrell, on
                brief), for appellant.

                (William C. Walker; Bradford C. Jacob;
                Taylor & Walker, on brief), for appellees.


     Jack B. McCready ("claimant") contends that the Workers'

Compensation Commission erred in denying his application seeking

permanent total disability benefits provided for in Code

§ 65.2-503(C) on the ground that he failed to produce evidence of

a disability rating for each leg.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     Claimant suffered a compensable back injury on April 7,

1982.  Pursuant to an award, claimant received 500 weeks of

temporary total disability benefits through November 7, 1991.  On

November 5, 1993, claimant filed an application seeking an award

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of permanent total disability benefits beginning November 7, 1991.

On June 14, 1994, Dr. Sterling R. Williamson opined that due to claimant's continuing discomfort, significant range of motion loss, and residual straight leg raise abnormality, claimant had sustained a 35% permanent partial disability related to continuing obstruction and encroachment at L4-5 and L5-S1.

The commission denied claimant's application on the ground that he failed to prove a permanent and disabling loss of function to his legs that would entitle him to an award for permanent total disability under Code § 65.2-503(C). In so ruling, the commission correctly relied upon Cafaro Constr. Co. v. Strother, 15 Va. App. 656, 426 S.E.2d 489 (1993). Claimant failed to prove an element necessary to establish compensability for a permanent total disability, to wit, Dr. Williamson did not provide disability ratings for each of claimant's legs. See id. at 662, 426 S.E.2d at 493. We have consistently noted in similar cases that this Court is bound by its decision in Cafaro. See, e.g., Hill v. Woodford B. Davis Gen. Contractor, 18 Va. App. 652, 447 S.E.2d 237 (1994); Pantry Pride Food Fair Stores, Inc. v. Backus, 18 Va. App. 176, 442 S.E.2d 699 (1994).[1]

Because the commission correctly applied the existing law

[1] The commission also correctly noted that "[a] permanent total disability resulting solely from back dysfunction is not compensable under Code § 65.2-503(C), unless it results in practical total paralysis, which is not shown by the evidence in this case."

2

and because claimant's evidence failed to rate the functional loss of use of his legs, we cannot find that the commission erred in denying claimant's application.  Accordingly, the commission's decision is affirmed.

<u>Affirmed.</u>