COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


ANNIE E. ANDERSON

                                     MEMORANDUM OPINION*
v.    Record No. 2402-99-4              PER CURIAM
                                      FEBRUARY 15, 2000
UNION CAMP CORPORATION AND
 LIBERTY MUTUAL FIRE INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Craig A. Brown; Ashcraft & Gerel, LLP, on
              brief), for appellant.

              (Robert A. Rapaport; Richard E. Garriott, Jr.;
              Clarke, Dolph, Rapaport, Hardy & Hull,
              P.L.C., on brief), for appellees.


     Annie E. Anderson (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove she was entitled to an award of permanent total

disability benefits pursuant to Code § 65.2-503(C)(1).  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

sustained her burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Code § 65.2-503(C)(1) provides compensation for permanent and total incapacity when there is "[l]oss of both hands, both arms, both feet, both legs, both eyes, or any two thereof in the same accident . . . ."  Subsection (D) provides that "the permanent loss of the use of a member shall be equivalent to the loss of such member, and for the permanent partial loss or loss of use of a member, compensation may be proportionately awarded."

To meet her burden of proof under this section, claimant was required to prove that she is unable to use her permanently impaired members in gainful employment.  See Virginia Oak Flooring Co. v. Chrisley, 195 Va. 850, 857, 80 S.E.2d 537, 541 (1954).  In addition, claimant was required to "establish that [she] has reached maximum medical improvement and . . . [her] functional loss of capacity [must] be quantified or rated." Cafaro Constr. Co. v. Strother, 15 Va. App. 656, 661, 426 S.E.2d 489, 492 (1993).  In Hill v. Woodford B. Davis General Contractor, 18 Va. App. 652, 447 S.E.2d 237 (1994), we recognized that Cafaro's rating requirement extends to cases involving permanent total loss of use as well as those involving

- 2 -

permanent partial loss of use. See id. at 654-55, 447 S.E.2d at 238.

In denying claimant's application, the commission found as follows:

> [W]e cannot find that any disability rating has ever been made for the claimant's hands to quantify or rate the extent of functional loss. Significantly, the Chief Deputy Commissioner "acknowledge[d] Dr. [Douglas A.] Wayne's electrodiagnostic studies which establish that the claimant is able to move her hands and fingers." Also, the Chief Deputy Commissioner was "convinced that Anderson's psychological condition precludes her from engaging in gainful employment, even though physiologically she may be capable of moving her hands." However, the claimant cannot be awarded permanent total disability benefits under Va. Code Ann. § 65.2-503(C) for a psychological condition, except for an "[i]njury to the brain which is so severe as to render the employee permanently unemployable in gainful employment." Va. Code Ann. § 65.2-503(C)(3). The evidence presented at the hearing therefore establishes that the claimant is capable of moving her hands, such that [she] does not suffer total and absolute loss of function of those members. Accordingly, . . . we find . . . that the claimant has failed to prove her entitlement to permanent total disability benefits under the Act.

The commission's findings are amply supported by the record. Because claimant failed to present evidence of a specific rating of the functional loss of use of two scheduled members as required for an award under Code § 65.2-503(C), we

cannot find as a matter of law that the evidence was sufficient to sustain her burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>