**Alexandria**

CAFARO CONSTRUCTION CO., et al.

v.

JAMES L. STROTHER

No. 0465-92-4

Decided February 9, 1993

COUNSEL

Charles F. Midkiff (Michael P. O'Bresly; Midkiff & Hiner, on briefs), for appellant.

Lawrence J. Pascal (Ashcraft & Gerel, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Cafaro Construction Company and its insurer, Continental Insurance Company (collectively referred to as employer), appeal a decision of the Virginia Workers' Compensation Commission awarding James L. Strother (claimant) permanent and total disability benefits for loss of use of a scheduled member pursuant to Code § 65.2-503 (formerly § 65.1-56).[1] The employer contends that insufficient evidence supports the finding that the claimant reached maximum medical improvement and that the commission erred in holding that it was not necessary to have a specific rating for permanent partial loss of use of the legs when such disability is derivative of an earlier compensable back injury. We hold that sufficient evidence supports the finding that Strother had reached maximum medical improvement. However, we agree with the employer that a specific incapacity rating

---

[1] Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.2, in effect at the time the Commission's decision was rendered in this case.

is required before permanent partial or total disability benefits may be awarded. Accordingly, we reverse the commission's award and dismiss the application.

## BACKGROUND

In December 1979 the claimant received an award of temporary total disability benefits pursuant to Code § 65.2-500 for a compensable back injury. These benefits ended in May 1989. On January 5, 1990, the claimant filed a claim for permanent and total disability benefits under Code § 65.2-503, which provides that lifetime benefits may be awarded for the loss of various ratable members of the body, including the legs. He based his claim on the assertion that, due to the functional loss of use of his legs from his low back injury, he could not engage in any gainful employment. The application was denied by the deputy commissioner on the ground that, because there was no permanency rating, the claimant failed to show that he was entitled to disability benefits under Code § 65.2-503. The full commission reversed and held:

> in this case of first impression that it is not necessary that there be a specific rating of permanent partial disability to the legs which is based on the back injury. It is sufficient if the back injury results in a substantial loss of the legs to the extent that they cannot be used in any substantial degree in any gainful employment.

The commission further held that, because the claimant could not engage in any gainful employment, his incapacity was total.

On October 17, 1979, the claimant, while working for Cafaro Construction, was injured in the process of lifting a pump with a co-worker. The pump slipped from the co-worker's hands, "jerking" the claimant and causing injury to his lower back. As a result, the claimant suffers from back pain radiating into his legs, inhibiting his ability to ambulate and work. In the ten years since his accident, he has undergone four surgical procedures performed to address herniation of the disc at L4-L5, the most recent being in January 1989.

## MAXIMUM MEDICAL IMPROVEMENT

The record contains conflicting medical opinions on whether the claimant had reached maximum medical improvement to his back and derivatively to his legs. On February 27, 1990, Dr. Neal A. Green, an

orthopaedic surgeon, performed an independent medical examination on the claimant. Dr. Green concluded as follows:

Due to the severity of [the claimant's] injuries, particularly due to his ruptured discs and significant involvement of both lower extremities, he is totally incapacitated from working. His current situation is causally related to the injuries sustained in the 10-16-79 accident.

In addition, Dr. Green testified during a July 23, 1990 deposition that in his opinion the claimant had reached maximum medical improvement. Employer's counsel specifically questioned Dr. Green on this issue as follows:

**Q.** Is there anything that can be done medically to improve Mr. Strother's condition?

**A.** I don't think so.

**Q.** He has reached his maximum medical improvement?

**A.** I would agree with that opinion.

The claimant's treating physician, Dr. Richard E. Ranels, in a report dated March 26, 1990, disagreed and stated:

A question of maximum medical improvement is raised and it does appear that from a review of the notes of 1989 [the claimant] has continued to show some improvement in serial examinations especially when compared to the examinations of Winter 1989. On the other hand, Mr. Strother subjectively feels that he has worsened over the last four or five months and continues to seek a surgical cure for his pain syndrome which I have expressed to him that after four surgeries this does not appear to be feasible and that he will always have to deal with some back discomfort. I've also indicated that he needs to become more involved and seek out gainful daily activities for both his emotional and physical wellbeing.

A disability rating cannot be given at this time in that objective improvement appears, from all the data provided, to be continuing.

As to the extent of the claimant's disability and whether he can engage in any gainful employment, Dr. Ranels concluded that the claimant

"is able to use his body and specifically his legs and back in a significant fashion that would suffice for gainful employment as long as he is provided with mild, light work activities."

Additional medical evidence was presented from several other physicians who have examined or treated the claimant, including evidence from Dr. Donald D. Davidson who performed a disc excision (laminectomy) on the claimant in November 1979. In a report dated September 29, 1989, Dr. Davidson opined that the claimant "is completely and totally disabled from his chronic back syndrome."

■ "A question raised by conflicting medical opinion is a question of fact." *Commonwealth v. Powell*, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986) (citing *Pocahontas Fuel Co. v. Agee*, 201 Va. 678, 680, 112 S.E.2d 835, 837 (1960); *Estep v. Blackwood Fuel Co.*, 185 Va. 695, 699, 40 S.E.2d 181, 183 (1946); *Celanese Fibers Co. v. Johnson*, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985)). Accordingly, the commission could properly accept those medical opinions most favorable to the claimant and, if appropriate, disregard others. On review by this Court, we examine the record to ascertain whether credible evidence supports the finding that the claimant had reached maximum medical improvement. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." *Wagner Enters., Inc. v. Brooks*, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citing *Franklin Mortgage Corp. v. Walker*, 6 Va. App. 108, 110-11, 367 S.E.2d 191, 193 (1988) (en banc)). We conclude that Dr. Green's deposition testimony provides sufficient credible evidence to support the commission's finding that the claimant had reached maximum medical improvement as to both his back and legs.[2]

## DISABILITY RATING

The employer contends that the commission erred in not requiring a rating of the claimant's disability. We agree. The commission's opinion states in pertinent part:

---

[2] The commission properly considered additional non-medical evidence in determining the status of the claimant's disability. "Medical evidence is not the sole criterion. There have been and probably will continue to be cases where the medical evidence shows only a percentage of disability when in truth and in fact the disability so found renders the claimant incapable of working and therefore incapable of earning any wages." *J.A. Foust Coal Co. v. Messer*, 195 Va. 762, 765, 80 S.E.2d 533, 535 (1954).

We previously held in an unreported case, *Hodge v. Springer Corporation*, VWC File No. 546-413 (1988), that a back injury which limits the use of the claimant's legs to the extent that he cannot engage in a substantial degree of gainful employment may be the basis for an award of compensation for permanent total disability. As to the employer's second ground of defense, we hold in this case of first impression that it is not necessary that there be a specific rating of permanent partial disability to the legs which is based on the back injury. It is sufficient if the back injury results in a substantial loss of the legs to the extent that they cannot be used in any substantial degree in any gainful employment.

■ We explained in *Hungerford Mechanical Corp. v. Hobson*, 11 Va. App. 675, 401 S.E.2d 213 (1991), that in order to obtain benefits under Code § 65.2-503 for the loss of use of a particular body member, the claimant must establish that he has achieved maximum medical improvement and that his functional loss of capacity be quantified or rated.

> Code [§ 65.2-503] establishes presumptive ratings for the loss of particular body members and also provides that "for the permanent partial . . . loss of use of a member compensation may be proportionately awarded." *Where the issue concerns a permanent partial loss of use, the commission must rate "the percentage of incapacity* suffered by the employee" based on the evidence presented. *County of Spotsylvania v. Hart*, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977). Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing. *See id.* at 569-70, 238 S.E.2d at 816. Thus, a medical rating of the employee's disability is evidence which an employee offers in order to meet the burden of proof.

*Id.* at 677-78, 401 S.E.2d at 214-15 (decided under former Code § 65.1-56) (emphasis added).

■ We find no authority or reason for the commission's deviation from the well-settled rule requiring a specific rating of a claimant's incapacity before awarding compensation "for the permanent partial loss or loss of use of a member." Code § 65.2-503. "The benefits provided by [Code § 65.2-503] for partial loss are awardable upon a 'rating' by the Commission of the percentage of incapacity suffered

by the employee. The 'rating' determines the ultimate amount of compensation the employee is entitled to receive." *Hart*, 218 Va. at 568, 238 S.E.2d at 815. The fact that the claimant's leg problems are derivative of his earlier compensable back injury does not remove the requirement of a specific rating for the body members involved.

■ Evidence that claimant's functional loss of use of his legs is derivative from a compensable back injury only establishes the cause of the disability; it does not establish the extent of the ratable loss of use of the claimant's legs, which is the incapacity addressed by Code § 65.2-503. "[A]n award under Code [§ 65.2-503] is not dependent upon a claimant's incapacity for work. That section is intended to provide benefits in the nature of indemnity for the loss of a scheduled body member." Commonwealth, *Div. of Motor Vehicles v. Williams*, 1 Va. App. 401, 404, 339 S.E.2d 552, 554 (1986). As we further explained in *Williams*:

> [I]f the scheduled loss is the *sole* cause for work incapacity, once a permanent rating is established, a claimant's compensation payments are made under Code [§ 65.2-503]. However, a claimant may sustain a permanent loss of a member and also work incapacity from other injuries or effects of the accident not embraced in the rated loss.

*Id.* (emphasis in original).

■ In this case, the claimant has already been compensated for "other injuries or effects of the accident" by an award of temporary total disability benefits pursuant to Code § 65.2-500. In order to establish entitlement to additional compensation under Code § 65.2-503, the claimant was required to present evidence rating the functional loss of use of his legs. The commission erred when it relied on the claimant's prior "total" disability from his back injury as a rating to satisfy the requirements of Code § 65.2-503.

We conclude that the commission misapplied the law in determining the award. Because the evidence in support of the claimant's application fails to rate the functional loss of use of his legs, the claimant failed in his burden of proof to establish entitlement to benefits for permanent partial or total loss of use of his legs. Therefore, we reverse and dismiss the application.

In addition, the employer has moved for an award of costs pursuant to Rule 5A:25(g) for reproduction of portions of the appendix designated unnecessarily by the claimant. After careful consideration of the motion and the record, we find an award of costs to the employer inappropriate under the facts of this case. Accordingly, we deny the motion.

*Reversed and dismissed.*

Baker, J., and Coleman, J., concurred.