COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


JAMES HENRY LESCALLETT
                                         OPINION BY
v.         Record No. 0675-96-4    JUDGE JERE M. H. WILLIS, JR.
                                         NOVEMBER 12, 1996
ROZANSKY & KAY CONSTRUCTION COMPANY
and
UNITED STATES FIRE INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Kenneth D. Bynum (Koonz, McKenney, Johnson &
            DePaolis, P.C., on brief), for appellant.

            S. Vernon Priddy, III (Mary Louise Kramer;
            Sarah Y. M. Kirby; Sands, Anderson, Marks &
            Miller, on brief), for appellees.


        On appeal from a decision of the Virginia Workers'

Compensation Commission denying him permanent and total

disability benefits for loss of use of both of his legs pursuant

to Code § 65.2-503(C), James H. LesCallett contends that the

commission erred in ruling that "a claimant must show 'that the

loss of use [of the legs] is quantifi[able] since a specific

incapacity rating is required before permanent partial or total

disability benefits may be awarded.'"

        Rozansky & Kay Construction Company (Rozansky) contends on

appeal that the commission erred in finding (1) that LesCallett

had reached maximum medical improvement, (2) that the medical

evidence supports a finding that LesCallett is totally and

permanently disabled, and (3) that a vocational expert was not

required on the issue of LesCallett's ability to be gainfully

employed.  We affirm the decision of the commission.

On July 10, 1985, LesCallett was injured at work while removing a large cornerstone from the bed of a delivery truck. Since that time, he has been unemployed and has undergone back surgery eight times.  He cannot walk over one hundred feet without pain and cannot stoop, bend, or climb stairs.  This disability results directly from his work-related injury. LesCallett has received 500 weeks of temporary total disability benefits pursuant to Code § 65.2-500.

In support of his application for benefits for permanent and total loss of use of his legs, pursuant to Code § 65.2-503(C), LesCallett presented letters from his treating physicians stating that his physical condition was permanent and that it rendered him totally and permanently disabled and unable to perform gainful employment.  Denying him compensation under Code § 65.2-503, the deputy commissioner and the full commission, on review, held that although LesCallett was permanently and totally disabled from any gainful employment, he had failed to prove a quantified loss of use of his legs, as required in <u>Cafaro Construction Co. v. Strother</u>, 15 Va. App. 656, 657-58, 426 S.E.2d 489, 490 (1993).

Code § 65.2-503 states in pertinent part:
    C.    Compensation shall be awarded pursuant to § 65.2-500 for permanent and total incapacity when there is:

        1.    Loss of . . . both legs . . . in the same accident;
          *     *     *     *     *     *     *

D.  In construing this section, the permanent loss of the use of a member shall be equivalent to the loss of such member, and for the permanent partial loss or loss of use of a member, compensation may be proportionately awarded.

"'[A]n award under Code [§ 65.2-503] is not dependent upon a claimant's incapacity for work.  That section is intended to provide benefits in the nature of indemnity for the loss of a scheduled body member.'"  Cafaro, 15 Va. App. at 662, 426 S.E.2d at 493 (citation omitted).  "In order to establish entitlement to [] compensation under Code § 65.2-503, the claimant [is] required to present evidence rating the functional loss of use of his legs."  Id.  Proof of the functional loss of the member, not industrial incapacity, is required for an award of benefits under Code § 65.2-503.

Dr. Lavin stated in his September 14, 1995 letter that "Mr. Les Callett's [sic] physical condition has rendered him totally and permanently disabled" and that he "doubt[ed] that [LesCallett] could use both of his lower extremities to any substantial degree for gainful employment."  Dr. Mathews stated in a letter to LesCallett's attorney that he believed LesCallett had chronic intractable low back and leg pain and was totally and permanently disabled.  He further stated that LesCallett's whole body impairment was 100% and that of that percentage his legs constituted a "significant proportion."  Dr. Mathews did not separately calculate or otherwise address the degree of

- 3 -

impairment of LesCallett's legs because "it is secondary to lumbar nerve dysfunction."

LesCallett testified that he could walk with the assistance of a cane no further than fifty to one hundred feet without pain, that he could not stoop, bend, or climb stairs, that his wife puts his socks and shoes on him, and that his legs are like "rubber bands" that just give way on him.  His testimony was uncontroverted.

This case is controlled by Cafaro.  Although LesCallett produced evidence that he was industrially disabled and that the disability in his legs was a substantially contributing factor to that disability, he failed to quantify a functional loss of the legs that could be translated into loss of those members pursuant to Code § 65.2-503(C).

The issues raised by Rozansky address findings of fact that are supported by evidence.  Under familiar principles, these findings cannot be disturbed on appeal.

The decision of the commission is affirmed.

Affirmed.