COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


PATRICIA McDANIEL WISE

                                      MEMORANDUM OPINION*
v.    Record No. 1433-99-2                PER CURIAM
                                       OCTOBER 19, 1999

BONFELD, INC. AND
 OLD REPUBLIC INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Patricia McDaniel Wise, pro se, on brief).

             (Anne M. Dobson; R. Ferrell Newman; Thompson,
             Smithers, Newman, Wade & Childress, on
             brief), for appellees.


     Patricia McDaniel Wise contends that the Workers'

Compensation Commission erred in finding that she failed to

prove she was entitled to an award of permanent total disability

benefits.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that the evidence sustained

          * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Wise's burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

As pertinent to this appeal, Code § 65.2-503(C)(1) and(C)(2) provide compensation for permanent and total incapacity when there is "[l]oss of both hands, both arms, both feet, both legs, both eyes, or any two thereof in the same accident . . . [or an] [i]njury for all practical purposes resulting in total paralysis . . . ." Subsection (D) provides that "the permanent loss of the use of a member shall be equivalent to the loss of such member, and for the permanent partial loss or loss of use of a member, compensation may be proportionately awarded."

To meet her burden of proof under this section, Wise was required to prove that she is unable to use her permanently impaired members in gainful employment. See Virginia Oak Flooring Co. v. Chrisley, 195 Va. 850, 857, 80 S.E.2d 537, 541 (1954). In addition, she was required to "establish that [she] has reached maximum medical improvement and . . . [her] functional loss of capacity [must] be quantified or rated." Cafaro Constr. Co. v. Strother, 15 Va. App. 656, 661, 426 S.E.2d 489, 492 (1993).

In denying Wise's application, the commission found as follows:

-

[C]laimant continues to experience pain in the left shoulder, left side, neck and upper back, none of which are scheduled members under the relevant Code Section. On Review, the claimant asserts that the permanency rating assigned by Dr. [Lee] Voulters in June 1991 is sufficient to carry her burden. We do not agree. It is clear that Dr. Voulters concluded that the claimant has reached maximum medical improvement and suffers from a 10% permanent partial disability. However, we cannot determine whether this is a whole body impairment rating, a rating to a specific scheduled member, or the criteria he utilized in rendering this opinion. Further, we cannot determine whether this rating is assigned to one member as opposed to two or more. We also note the Attending Physician's Report completed by Dr. Voulters in February 1991 in which he assigned a 20% permanency rating. This report is unsupported by any medical reports and suffers from the same defects as the report of June 1991.

With the exception of Dr. Voulters, only Dr. [Jonathan R.] Amy rendered an opinion on the issue of permanency. He reported an essentially normal examination as to the functionality of the upper and lower extremities based on objective criteria. Dr. Amy noted complaints of pain while performing certain tasks which appear to affect only one extremity. More importantly, he could not state with a reasonable degree of medical certainty what percentage of permanent disability the claimant suffers from based on the AMA Guidelines. Neither he nor any other physician rendered an opinion on the percentage of permanent disability to any scheduled member, singly or in tandem.

The commission's findings are amply supported by the record. Because Wise failed to present evidence of a specific rating of the functional loss of use of two scheduled members as

-

required for an award under Code § 65.2-503(C), we cannot find as a matter of law that the evidence was sufficient to sustain her burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

-