COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


HEART CORPORATION AND
 MICHIGAN MUTUAL INSURANCE COMPANY
                                        MEMORANDUM OPINION*
v.    Record No. 0928-99-2                  PER CURIAM
                                         NOVEMBER 23, 1999
THOMAS MYERCHIN


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (S. Vernon Priddy III; Cecil H. Creasey, Jr.;
                  Sands, Anderson, Marks & Miller, P.C., on
                  brief), for appellants.

                  (Mark G. Westerfield; Johnston & Westerfield,
                  P.C., on brief), for appellee.


     Heart Corporation and its insurer (hereinafter referred to

as "employer") contend that the Workers' Compensation Commission

(commission) erred in awarding permanent partial disability

benefits to Thomas Myerchin (claimant) for a nineteen percent

disability rating to his right leg.  Employer argues that

claimant failed to prove a specific disability rating for his

right leg, where Dr. Young J. You's disability rating applied to

claimant's "lower extremities."  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On December 15, 1997, Dr. You wrote as follows:

> Mr. Myerchin recently underwent isokinetic muscle testing.  Review of the test shows he does have a mild deficit of strength of the involved knee compared to the opposite side. Because it has been more than a year since his initial injury, this muscle strength deficit has been considered rather permanent.  He still has some anterior cruciate ligament laxity even though MRI shows it is not severed completely.
>
> With reasonable degree of medical certainty from his instability, it has resolved in 10% partial permanent impairment of the lower extremities and from his permanent muscle deficit, it has resulted in another 10% partial permanent impairment of the lower extremities.
>
> Combining these two impairments, it has resulted totally of 19% partial permanent impairment of the lower extremities.

(Emphasis added.)

The commission concluded that "[w]hen read in light of other medical evidence, we find that Dr. You's December 15, 1997, letter persuasively establishes a 19% permanent partial functional loss of the claimant's right leg."  The commission recognized that Dr. You used the plural "extremities" more than

- 2 -

once in his December 15, 1997 letter.  However, the commission inferred that he had some difficulty with the use of the English language but that "[h]is testimony and reports clearly demonstrate, however, that his permanent partial disability rating is related solely to the claimant's compensable right knee injury."

Based upon the totality of Dr. You's December 15, 1997 letter, his medical records, and his deposition testimony, the commission, as fact finder, was entitled to make such reasonable inferences.  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).  Accordingly, we will not disturb the commission's factual findings on appeal.  See id.  Those findings amply support the commission's conclusion that claimant proved a nineteen percent permanent partial disability to his right leg.

We note that Cafaro Constr. Co. v. Strother, 15 Va. App. 656, 426 S.E.2d 489 (1993), a case relied upon by employer, is distinguishable on its facts from this case.  In Cafaro, unlike this case, the claimant did not produce any evidence of a specific disability rating.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>