COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


POLLY B. NORRIS
                                    MEMORANDUM OPINION*
v.    Record No. 3067-99-4              PER CURIAM
                                      JULY 5, 2000
FAIRFAX COUNTY SCHOOL BOARD


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Polly B. Norris, pro se, on briefs).

            (Michael N. Salveson; Hunton & Williams, on
            brief), for appellee.


    Polly B. Norris (claimant) contends that the Workers'

Compensation Commission erred in finding that she was not

entitled to an award of permanent and total disability benefits

under Code § 65.2-503 on the grounds that (1) she failed to

present evidence of a specific impairment rating; and (2) no

evidence proved that she suffered from Reflex Sympathetic

Dystrophy ("RSD") which rendered her permanently and totally

disabled.[1]  Upon reviewing the record and the briefs of the

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] We note that no evidence in the record supports claimant's
accusations of fraud and deceit against her physicians, the
commission, appellee, and appellee's counsel.  Accordingly, we
will not address those accusations, but will address only the
merits of her claim.  Moreover, we will only address those
issues decided by the commission.  The sole issue before the
commission was whether claimant was entitled to an award of
permanent and total disability benefits.  Accordingly, we will

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.[2]

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained her burden of proof, the commission's findings are

binding and conclusive upon us.  See Tomko v. Michael's

Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that claimant failed to prove permanent and

total disability causally related to her January 1989

compensable injury by accident, the commission found as follows:

> [T]he record is devoid of a specific rating
> or quantified assessment of the functional
> loss of use of the claimant's legs or other
> body member.  No physician has assigned a
> permanent disability rating.  Neither Dr.
> [William S.] Berman, Dr. [Virgil] Balint,
> nor Dr. [Roger V.] Gisolfi gave an actual
> rating to any body part as permanently
> impaired.  Dr. [Maged H.] Hussein's vague
> opinion that the claimant is "100%
> disabled," without specification as to

not address claimant's arguments regarding the status of her
treating physician.

[2] We have reviewed employer's motion to strike and disregard
all evidence and references to evidence not of record included
in claimant's briefs and claimant's response to that motion.  In
reviewing the commission's decision, we considered only the
evidence properly before the commission and contained in its
record when it made its decision.

> whether it applies to a rating member of the body, is inadequate to sustain her burden of proof.
>
> The evidence does not support a finding of total incapacity due to RSD. For example, Dr. Balint failed to find any focal neurogenic weaknesses or objective RSD symptoms. His evaluations noted the absence of long-term RSD symptoms, such as abnormal hair and nail growth. Dr. Balint believed that if the claimant had suffered from RSD, she had recovered and become stable. He agreed that she was functionally, totally, and permanently disabled. However, Dr. Balint had no diagnosis for the alleged disability. . . .
>
> Similarly, Dr. Gisolfi found no clinical findings of RSD and opined that he could not explain the claimant's pain complaints. . . . In addition, repeated diagnostic studies have not documented RSD findings. Dr. [Abraham] Cherrick's EMG testing showed a normal left lower extremity. Two whole body bone scans taken on December 31, 1997, and on October 2, 1998, were normal. Dr. Hussein's April 30, 1998, letter fails to adequately rebut the evidence to the contrary.

The commission's factual findings are amply supported by the medical records. In its role as fact finder, the commission was entitled to give more weight to the records and opinions of Drs. Balint and Gisolfi than those of Dr. Hussein. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). The commission articulated appropriate justification

- 3 -

for accepting the opinions of Drs. Balint and Gisolfi and rejecting the opinions of Dr. Hussein.

Absent evidence of any specific disability rating[3] for the loss of use of claimant's legs and in light of the opinions of Drs. Balint and Gisolfi, we cannot find as a matter of law that claimant's evidence sustained her burden of proving permanent and total disability causally related to her compensable industrial injury. Accordingly, we affirm the commission's decision.

Affirmed.

---

[3] In order to receive compensation under Code § 65.2-503, claimant is required to present evidence of the specific percentage of permanent loss of the alleged disabled member. See Cafaro Constr. Co. v. Strother, 15 Va. App. 656, 661-62, 426 S.E.2d 489, 492-93 (1993).

- 4 -