COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


CHAP VAN NGO
                                        MEMORANDUM OPINION*
v.    Record No. 2566-00-4                  PER CURIAM
                                          APRIL 17, 2001
N & L CARPENTRY AND
 EMPLOYERS INSURANCE OF WAUSAU


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Chap Van Ngo, pro se, on brief).

            (Susan A. Evans; Siciliano, Ellis, Dyer &
            Boccarosse, on brief), for appellees.


     Chap Van Ngo (claimant) contends that the Workers'

Compensation Commission erred in finding that (1) his claim for

additional temporary total disability benefits was barred by the

applicable statute of limitations contained in Code § 65.2-708;

(2) he was not entitled to an award of permanent partial

disability benefits; (3) employer was not responsible for

medical expenses for services rendered to claimant by Dr. Chan

Dang-Vu and Vencor Hospital; (4) he was not entitled to

reimbursement for cash advances, ATM withdrawals, gas and food

charges, automobile repair bills and office supplies as these

did not constitute "medical expenses" under the Workers'

Compensation Act ("the Act"); and (5) employer was not

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

responsible for claimant's credit card charges for "prescriptions and sundries." Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

## I. Statute of Limitations

Claimant sustained a compensable injury by accident on March 17, 1997 while in the course of his employment with N & L Carpentry. Pursuant to a Memorandum of Agreement and Agreed Statement of Fact submitted by the parties to the commission, on July 17, 1997, the commission awarded claimant temporary total disability benefits for March 25 and 26, 1997 and lifetime medical benefits causally related to his compensable injury.

Code § 65.2-708(A) provides that the commission may not review a claim for change in condition "after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title . . . ." Claimant's claim for additional compensation benefits was filed on July 26, 1999, more than twenty-four months after March 26, 1997, the last day for which he was paid compensation pursuant to the prior award. Accordingly, the commission did not err in finding that claimant's claim for temporary total disability benefits was time-barred.

- 2 -

## II.   Permanent Partial Disability Benefits

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Code § 65.2-503(C)(1) provides compensation for permanent and total incapacity when there is "loss of both hands, both arms, both feet, both legs, both eyes, or any two thereof in the same accident . . . ."  Subsection (D) provides that "the permanent loss of the use of a member shall be equivalent to the loss of such member, and for the permanent partial loss or loss of use of a member, compensation may be proportionately awarded."

To meet his burden of proof under this section, claimant was required to prove that he is unable to use his permanently impaired members in gainful employment.  See Virginia Oak Flooring Co. v. Chrisley, 195 Va. 850, 857, 80 S.E.2d 537, 541 (1954).  In addition, claimant was required to "establish that he has reached maximum medical improvement and . . . his functional loss of capacity [must] be quantified or rated." Cafaro Constr. Co. v. Strother, 15 Va. App. 656, 661, 426 S.E.2d 489, 492 (1993).  Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See

- 3 -

Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d
833, 835 (1970).

In denying claimant's claim for permanent partial
disability benefits, the commission found as follows:

> [C]laimant has not specified upon what basis
> he claims an award of permanency.  The
> medical records do not reflect that the
> claimant has suffered a permanent loss of
> function in any scheduled member or that an
> injury to a non-scheduled member has caused
> a permanent limitation in the use of a
> scheduled member.  Although Dr. [Sheila]
> Jahan initially discharged the claimant from
> her care on July 21, 1998, and opined that
> he had reached maximum medical improvement,
> she resumed his care in January of 1999 and
> continues to causally relate her treatment
> to the compensable accident of March 1997.
> There is no specific medical opinion in the
> record suggesting that a particular
> scheduled member injury had reached maximum
> medical improvement, nor is their [sic] any
> permanency rating found in the medical
> records.

The commission's findings are amply supported by the
medical records.  In the absence of any medical evidence of
permanent impairment, maximum medical improvement, and a
quantified or rated functional loss of capacity, we cannot find
as a matter of law that claimant's evidence sustained his burden
of proof.

 III.  Medical Expenses of Dr. Chan Dang-Vu and Vencor Hospital

In the deputy commissioner's August 19, 1999 opinion, she
addressed whether employer had paid the medical expenses of
Dr. Chan Dang-Vu and Vencor Hospital and whether it was still

- 4 -

responsible for those expenses. The deputy commissioner found that the bills for Vencor Hospital had already been paid by employer and that the medical treatment of Dr. Chan Dang-Vu was not authorized and, therefore, not employer's responsibility. Claimant did not seek review of that opinion before the full commission and, therefore, it became final. Accordingly, the commission did not err in finding that the deputy commissioner's August 19, 1999 decision regarding those medical expenses is now res judicata and may not be re-litigated.

## IV. Reimbursement of Various Expenses

Claimant sought reimbursement of cash advances and withdrawals from ATMs, the cost of gas and food, repairs to his vehicle and office supplies. Although claimant presented several statements reflecting these charges, no evidence established that they constituted reasonable, necessary, and causally related medical expenses as provided for under the Act. Accordingly, we cannot find that claimant's evidence sustained his burden of proving he was entitled to reimbursement for these expenses.

## V. Prescriptions and Sundries

In denying claimant's request for reimbursement of credit card charges for "prescriptions and sundries," the commission found as follows:

> The claimant testified that these
> charges were strictly for the filling of

prescriptions.  As noted by the Deputy Commissioner, however, the claimant has provided no information reflecting the nature of the prescriptions filled, their purpose, their relationship to the compensable accident, nor which physician prescribed them.  Therefore, even if we accept the claimant's testimony, the Commission is unable to make the threshold determination as to whether the medical expenses are reasonable and necessary. Taking into consideration the fact that the claimant has sought, and apparently continues to seek treatment with unauthorized medical providers who issue prescriptions for him, a more definitive explanation of these charges is required before the employer can be held responsible for them.

In light of claimant's continued unauthorized medical care and his inability to provide any explanation of the identity of the medications or the physicians who prescribed them, we cannot find as a matter of law that his evidence sustained his burden of proving that these expenses constituted reasonable, necessary, and causally related medical expenses under the Act.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>