COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Beales and Senior Judge Bumgardner
Argued at Alexandria, Virginia


PATRICIA G. HEDRICK

                                                  MEMORANDUM OPINION* BY
v.       Record No. 2075-11-4        JUDGE RUDOLPH BUMGARDNER, III
                                                  MAY 1, 2012
MARY'S DINER, INC. AND
  VIRGINIA COMMERCE GROUP
  SELF-INSURANCE ASSOCIATION,
  LANDIN, INC.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

      Charles W. O'Donnell (Charles W. O'Donnell, P.C., on brief), for
      appellant.

      R. Ferrell Newman (Newman & Wright, on brief), for appellees.


Patricia Hedrick ("claimant") appeals the Workers' Compensation Commission's denial

of permanent total disability benefits for her left side, Code § 65.2-503(C).  We conclude the

evidence supported the commission's finding that she failed to prove a permanent disability.

Accordingly, we affirm.

The claimant developed reflex sympathetic dystrophy ("RSD"), also designated as

complex regional pain syndrome ("CRPS"), in her right arm after a fall while waiting tables on

April 16, 2000.  Initially, the claimant was treated for a broken bone in her right hand by

Dr. Joseph Campbell, a specialist in orthopedics.  When Dr. Campbell diagnosed RSD, he

referred her to Dr. Eduardo Fraifeld, a pain specialist.  The claimant's symptoms worsened, and

by April 18, 2007, she reported that her symptoms were spreading to her "left arm, face, pectoral

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

area, and arm." Dr. Fraifeld noted, "Although I find it extremely rare for reflex sympathetic dystrophy to be spreading out the other extremity this late, it is possible I guess."

The claimant received five hundred weeks of temporary total disability payments for her initial injury and the RSD in her right arm. Based on her additional pain symptoms on her left side, she filed change-in-condition claims on September 3, 2010 and February 3, 2011, seeking permanent total disability benefits. Drs. Campbell and Fraifeld assigned a 100% disability rating to the claimant's right arm and a 90% rating to her left arm both as a result of the April 16, 2000 accident. Each rating stated it was made pursuant to AMA guidelines for the evaluation of permanent impairment.

Over the course of her treatment for RSD, the claimant was seen by two independent medical examiners. Following his examination of the claimant on October 6, 2009, Dr. Richard L. Wilson, Jr. opined that RSD does not spread to different parts of the body. On February 11, 2011, Dr. Murray E. Joiner, Jr. examined the claimant and characterized her behavior as "bizarre." He concluded, "[T]he patient's upper extremity may be more functional than she believes, and there is a significant non-organic/psychologic component that has yet to be ferreted out . . . ."

The deputy commissioner accepted the opinions of the two treating doctors that RSD had spread to the left side and was a consequence of the accident. However, the deputy commissioner denied the permanent total disability claim for the left side upon a finding the claimant had failed to meet her burden of proving a quantified functional loss of capacity. The deputy explained that it was not clear how Drs. Campbell and Fraifeld arrived at their permanency ratings. The commission affirmed the decision of the deputy commissioner finding the impairment ratings supplied by the two doctors were not persuasive evidence of the loss of function.

Carfaro Construction Co. v. Strother, 15 Va. App. 656, 661, 426 S.E.2d 489, 492 (1993), held: "to obtain benefits under Code § 65.2-503 for the loss of use of a particular body member, the claimant must establish that he has achieved maximum medical improvement and that his functional loss of capacity be quantified or rated." The claimant has the burden to prove, by a preponderance of the evidence, entitlement to permanent total disability benefits. See Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 678, 401 S.E.2d 213, 215 (1991). Furthermore, on appeal, "the evidence and all reasonable inferences that may be drawn from that evidence" are viewed in the light most favorable to the employer, the prevailing party in this case. Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (en banc).

Whether the claimant is totally and permanently disabled is a question of fact. "Factual findings of the commission will not be disturbed on appeal unless plainly wrong or without credible evidence to support them." Georgia Pac. Corp. v. Dancy, 17 Va. App. 128, 135, 435 S.E.2d 898, 902 (1993) (citing Armstrong Furniture v. Elder, 4 Va. App. 238, 247, 356 S.E.2d 614, 619 (1987)). In this case, two treating physicians opined that the claimant had a 90% loss of function in her left arm, but neither doctor could identify any objective criteria used in arriving at their rating.

Dr. Campbell noted he normally performed a functional capacity evaluation in determining the degree of functional loss in an extremity but did not in this case. He did not have the claimant perform diagnostic tests because of her RSD and complaints of pain. Dr. Campbell had no objective tests upon which to base his rating and stated his rating was based solely from the criterion of pain. The written permanency rating that he signed stated that he utilized the AMA guidelines, but he could not identify any of the criteria in the guidelines upon which he relied when assessing disability rating for the left arm.

- 3 -

Dr. Fraifeld completed an identical form on the same day as Dr. Campbell and arrived at the same conclusions. Dr. Fraifeld fixed a 90% disability rating, but he could identify no criteria in the AMA Guides supporting his rating. He admitted that he had little experience in assigning disability ratings and could not identify any medical records upon which he relied when formulating his rating. He could not recall any objective criteria he used in completing the permanency rating questionnaire.

The commission is not legally bound to adopt a treating physician's opinion. On the contrary, "[i]f there is any doubt in the treating physician's opinion, or if there is contrary expert medical opinion, 'the commission is free to adopt that which is most consistent with reason and justice.'" Virginia Natural Gas, Inc. v. Tennessee, 50 Va. App. 270, 279, 649 S.E.2d 206, 211 (2007) (quoting United Airlines, Inc. v. Sokol, 47 Va. App. 495, 501-02, 624 S.E.2d 692, 695 (2006)). So long as the commission provides a plausible explanation for its decision, it is free to decide for itself whether to believe or disbelieve a witness. Bullion Hollow Enter., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992).

The claimant argues that the commission's decision added an additional element of proof to her burden of proving her functional loss of capacity. She maintains "objective testing" became an additional element of proof necessary to quantify or rate her loss of capacity. The commission did not rule that objective testing was an element of proof or a rating could not be based on subjective complaints. The commission ruled the evidence was insufficient to prove by a preponderance of the evidence that the claimant had a 90% functional loss of capacity to her left side.

In its decision, the commission carefully explained why it found the weight of the evidence was insufficient to prove the rating claimed. In noting that the doctors had no objective findings and the rating was based on pain alone, the commission was not establishing an

additional element of proof. It was illustrating two ways in which the rating lacked facts to support it. The commission pointed to the lack of factual data to support the conclusions reached in assigning the ratings. The commission was explaining its finding that the opinions were insufficient because they lacked a foundation to support them.

The commission's decision was a credibility determination of the weight and value it gave the medical opinions that fixed a 90% rating. Making such evaluations of the weight to be given items of evidence is the role the commission performs as the fact finder. The credibility of an expert witness and the weight assigned to his opinion is a factual matter for the commission to decide. Great N. Nekoosa Corp. v. Wood, 37 Va. App. 54, 63, 553 S.E.2d 555, 559 (2001).

"In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted). "[A]n expert's opinion must be supported by facts within his or her knowledge or established by other evidence." Wood, 37 Va. App. at 64, 553 S.E.2d at 560 (citation omitted). Based on this record, we cannot say the commission's rejection of the disability rating given by the claimant's treating physicians was plainly wrong. Dr. Campbell's rating was based solely on the claimant's subjective complaints of pain rather than objective facts, and Dr. Fraifeld admitted he did not recall how he calculated his rating. Accordingly, we affirm the commission's decision denying permanent total disability benefits.

Affirmed.