COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Petty and Huff
Argued at Richmond, Virginia

CYNTHIA COLYER ALLEN

MEMORANDUM OPINION* BY
JUDGE WILLIAM G. PETTY

v.      Record No. 0275-19-2      DECEMBER 10, 2019

COUNTY OF HENRICO PUBLIC SCHOOLS AND
 VIRGINIA ASSOCIATION OF COUNTIES GROUP
 SELF-INSURANCE

UPON A REHEARING

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Norman A. Thomas (Jeffrey R. Allen; Norman A. Thomas, PLLC,
on briefs), for appellant.

Brian J. McNamara (Ford Richardson, PC, on briefs), for appellees.

Pursuant to Rule 5A:33(b), Cynthia Colyer Allen (claimant) requested that this Court

reconsider our holding affirming the Commission's decision giving claimant an award for

permanent partial disability for her left arm based on a 2% impairment rating. In that memorandum

opinion, we held that evidence in the record supported the Commission's award. The parties had

stipulated that County of Henrico Public Schools and Virginia Association of Counties Group

Self-Insurance (employer) bore the burden of proof in this case because it filed the motion to put

determination of any permanent partial disability on the docket. In our reasoning, we declined to

accept the stipulation as to burden of proof. Claimant argues now that our prior "decision turned on

. . . the allocation of the burden of proof" and that had we properly considered the parties'

stipulation that employer had the burden of proof as the law of the case then we would have found

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the Commission erred in awarding the 2% impairment rating. By order dated November 5, 2019, we stayed our prior decision and granted claimant's petition for rehearing. Upon reconsideration, and for the reasons that follow, we find no reversible error and affirm the judgment of the Commission.

## I. BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "Under our standard of review, when we consider an appeal from the Commission's decision, we must view the evidence in the light most favorable to the party who prevailed before the commission." K & K Repairs & Const., Inc. v. Endicott, 47 Va. App. 1, 6 (2005).

Claimant filed a claim in October 2016 for an injury sustained when a student in the school where claimant worked rammed into claimant, causing her to fall. The claim described the injured body part as "comminuted fracture of left radius, left arm." The injury was treated by Dr. Desai of OrthoVirginia. Claimant received in November 2016 an award for temporary total disability and lifetime medical treatment.

Three months later, claimant was treated by Dr. Walker, also of OrthoVirginia, for a frozen shoulder related to the compensable injury. At that time, claimant refused the recommended steroid shot treatment, and Dr. Walker treated with anti-inflammatories, home-based therapy, and stretching exercises. During the follow-up visit six weeks later, Dr. Walker noted they would "see her back as needed" for the frozen shoulder and he expected "continued improvement." No further follow-up was scheduled. Medical notes from claimant's March visit with Dr. Desai also noted that claimant was "being followed by Dr. Walker for the shoulder." Claimant's visit with Dr. Desai in July 2017 noted claimant reported "the weakness

- 2 -

in her left shoulder is gradually improving.  The pain in her shoulder is exacerbated by moving it."

Initially, employer refused to pay the medical bills for claimant's frozen shoulder, arguing that it was not part of the compensable injury.  Claimant filed a claim in May 2017 seeking to add her left shoulder to the claim.  In September 2017, the parties agreed to a stipulated order that resolved all issues, including adding the shoulder to the claim, ceasing temporary total disability benefits because claimant had returned to work, and requesting that the award be terminated and removed from the docket.  The Commission entered an order terminating the award on September 27, 2017.

On the same day, the Commission issued a generic notification to claimant that its "records indicate [claimant] may have sustained a permanent disability that has reached maximum medical improvement."  It advised claimant she had thirty-six months to file a claim for permanent disability and that she needed to contact her treating physician to arrange for a medical examination.  Dr. Desai referred claimant for a functional capacity evaluation (FCE) and permanent partial disability (PPD) rating.  The FCE was performed on October 4, 2017, the same day the Commission entered the parties' September 27, 2017 stipulated order accepting the shoulder as compensable and terminating the claim.  The PPD rating provided for a 2% permanent impairment of claimant's left upper extremity—that is, her arm.[1]  The FCE attributed the impairment to the wrist and listed "N/A" for the hand, elbow, and shoulder.

---

[1] Code § 65.2-503 does not provide compensation for permanent loss of use of the various body parts that together constitute an arm.  Rather, compensation is limited to permanent loss of use of the arm as a whole.  Code § 65.2-503(B)(11).

In February 2018, employer requested a hearing to resolve the issue of claimant's entitlement to permanent partial disability benefits.[2]  At the hearing, employer entered claimant's medical records as well as the FCE into evidence.  Employer also entered a document elicited by employer from Dr. Desai and signed on July 10, 2018, stating that he agreed with the 2% impairment rating and that claimant had reached maximum medical improvement.  Following the hearing, the deputy commissioner entered an award for PPD based on the 2% rating to claimant's left upper extremity.  The full Commission affirmed the deputy commissioner's ruling.  This appeal followed.

## II.  ANALYSIS

Claimant argues the Commission erred in accepting the 2% PPD rating because the evidence was insufficient to show that Dr. Desai considered claimant's compensable shoulder injury when he accepted the FCE conclusion.

"[I]n order to obtain benefits under Code § 65.2-503 for the loss of use of a particular body member, [the evidence] must establish that [claimant] has achieved maximum medical improvement and that [her] functional loss of capacity be quantified or rated."  Cafaro Const. Co. v. Strother, 15 Va. App. 656, 661 (1993).  "Medical evidence is . . . subject to the Commission's consideration and weighing."  Waynesboro Police v. Coffey, 35 Va. App. 264, 268 (2001) (ellipses in original) (quoting Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 677-78 (1991)).  "Questions raised by conflicting medical opinions must be decided by the Commission."  Id. (quoting Penley v. Island Creek Coal Co., 8 Va. App. 310, 318 (1989)).  "By statute, the Commission's award is conclusive and binding on this Court as to all questions of fact when

---

[2] Although claimant argued to the Commission that employer could not request to have a permanent partial disability claim placed on the docket, the Commission ruled employer could do so under at least one of the statutes cited by employer -- Code §§ 65.2-702 (failure to reach agreement) and 65.2-708 (change in condition).  Claimant did not appeal that decision.

those findings are based on credible evidence." K & K Repairs, 47 Va. App. at 6; Code § 65.2-706. Furthermore, "the existence of 'contrary evidence . . . in the record is of no consequence if credible evidence supports the Commission's finding.'" Id. (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229 (1991)).

Here, the Commission's award was based on credible evidence. Dr. Desai, claimant's treating physician, agreed that claimant had reached maximum medical improvement and had suffered a 2% permanent disability. Although claimant focuses on her shoulder and wrist, the FCE evaluated the left upper extremity as a whole, *i.e.* the left arm. The evaluation listed "N/A" for the hand, elbow, and shoulder components of the arm. The Commission could conclude that "N/A" meant there was no disability demonstrated at that location, rather than concluding, as the claimant argued, the evaluator did not include that location in the impairment rating.[3] The Commission considered and weighed the medical evidence provided to it. Coffey, 35 Va. App. at 268.

Claimant argues that because employer bore "the burden of proof" in this case, that they had to provide affirmative proof that Dr. Desai included the shoulder in the rating.[4] Although claimant suggests Dr. Desai did not consider the shoulder when agreeing with the 2% disability

---

[3] To the extent that the notation "N/A" regarding claimant's shoulder injury is ambiguous, we must view the evidence, and reasonable inferences, in the light most favorable to employer, who prevailed below. Moreover, the Commission's conclusion that the notation meant claimant did not have impairment to her shoulder is a factual finding to which we must defer.

[4] For the purposes of this opinion, we will treat the parties' stipulation, which the Commission apparently adopted, that employer had the "burden of proof" in this case as the law of the case, as claimant urges, for purposes of analysis. See Prince William Cty. Bd. of Sup'rs v. Archie, 296 Va. 1, 12 (2018) (noting that "holdings uncontested on appeal become the law of the case"). Nevertheless, we agree with employer's argument on appeal that "the identity of the party that bears the burden of proof is immaterial to the outcome of this case, as credible evidence exists within the record to support the Full Commission's award of benefits, regardless of which party bore the burden to produce that evidence."

rating, the record supports the opposite conclusion. The medical records showed that Dr. Desai and Dr. Walker, the orthopedic surgeon treating claimant's shoulder, were part of the same OrthoVirginia provider. Dr. Desai's medical note show he was aware of Dr. Walker's treatment of claimant's shoulder. The Commission specifically rejected claimant's argument that claimant's left shoulder was not included in the permanent impairment rating. It noted there was no evidence in the record that Dr. Walker diagnosed the frozen shoulder as contributing to a *permanent disability* or disagreed with Dr. Desai's opinion regarding the PPD rating.

Simply put, the Commission had to make findings of fact based on the evidence before it. See Coffey, 35 Va. App. at 268. Dr. Desai affirmatively stated that claimant had reached maximum medical improvement and that the FCE conclusion was correct. Dr. Desai was aware claimant had suffered a frozen shoulder that was being treated in the same office by Dr. Walker. Dr. Walker had released claimant from treatment. There is no medical evidence in the record that Dr. Walker disagreed with Dr. Desai's disability rating.

The question before us is whether the record contains credible evidence to support the Commission's findings that claimant had reached maximum medical improvement and had sustained a 2% permanent disability. We conclude that it does. And, because it does, we must disregard any competing evidence, including statements by the treating physicians that claimant's injuries might continue to improve. See Endicott, 47 Va. App. at 6. Moreover, the Commission's findings of fact are binding on this Court. See id. Accordingly, we affirm.

III. CONCLUSION

For the foregoing reasons, we withdraw the prior memorandum opinion in this case and affirm the Commission's award of 2% permanent partial disability of the left upper extremity.

Affirmed.

*VIRGINIA:*

UNPUBLISHED

*In the Court of Appeals of Virginia on* **Tuesday** *the* **5th** *day of* **November, 2019**.

Cynthia Colyer Allen,                                                                                                          Appellant,

 against               Record No. 0275-19-2
                            Claim No. VA00001254534

County of Henrico Public Schools and
 Virginia Association of Counties Group Self-Insurance,                                            Appellees.

Upon a Petition for Rehearing

Before Chief Judge Decker, Judges Petty and Huff

On October 22, 2019 came the appellant, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on October 8, 2019, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted, the mandate entered herein on October 8, 2019 is stayed pending the decision of the Court, and the appeal is reinstated on the docket of this Court.

Pursuant to Rule 5A:35(a), the respondent may file an answering brief within 21 days of the date of entry of this order.  An electronic version of the brief shall be filed with the Court and served on opposing counsel.[1]   In addition, four printed copies of the answering brief shall be filed.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:     *original order signed by a deputy clerk of the*
          *Court of Appeals of Virginia at the direction*
          *of the Court*

Deputy Clerk

---

[1]  The guidelines for filing electronic briefs can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

Present:   Chief Judge Decker, Judges Petty and Huff
Argued at Richmond, Virginia

CYNTHIA COLYER ALLEN

v.        Record No. 0275-19-2

COUNTY OF HENRICO PUBLIC SCHOOLS AND
  VIRGINIA ASSOCIATION OF COUNTIES GROUP
  SELF-INSURANCE

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM G. PETTY
OCTOBER 8, 2019

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Norman A. Thomas (Jeffrey R. Allen; Norman A. Thomas, PLLC,
on briefs), for appellant.

Brian J. McNamara (Ford Richardson, PC, on brief), for appellees.

Cynthia Colyer Allen (claimant) argues on appeal that the functional capacity evaluation

and permanent partial disability rating used by Dr. Desai to form the basis of his opinion should be

ignored because it does not take into account her shoulder injury.  Accordingly, she argues that the

Commission erred in accepting the doctor's rating in its entry of the award for permanent partial

disability benefits for claimant.  For the following reasons, we disagree and affirm the decision of

the Commission.

## I.  BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"Under our standard of review, when we consider an appeal from the Commission's decision, we

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

must view the evidence in the light most favorable to the party who prevailed before the commission." K & K Repairs & Const., Inc. v. Endicott, 47 Va. App. 1, 6 (2005).

Claimant experienced a compensable injury by accident arising out of and in the course and scope of her employment in 2016. The claim was accepted, and an award was entered, providing temporary total disability benefits and lifetime medical benefits for a left wrist fracture. Claimant returned to work with the employer at a wage equal to or greater than the pre-injury average weekly wage, and claimant's temporary total disability benefits were then terminated by agreement of the parties.

Claimant filed claims for benefits in May 2017 and September 2017, seeking to add claimant's left radius, left wrist, and left shoulder as compensable body parts. The parties agreed to add the left radius, left wrist, and left shoulder as accepted body parts. Specifically, the parties agreed that claimant sustained a "left frozen shoulder" as a compensable consequence of her 2016 work accident. Employer agreed to pay the claimed medical expenses associated with the left frozen shoulder and reimburse claimant and her medical insurer for the same. This agreement resolved the issues raised in the claims for benefits filed in May and September. A stipulated order memorializing this agreement was entered by the Commission in October 2017.

Claimant underwent a functional capacity evaluation (FCE) and permanent partial disability (PPD) rating in October 2017. The report of that FCE and PPD rating was endorsed by the treating physician, Dr. Desai. The PPD rating provided for a 2% permanent impairment of claimant's left upper extremity—that is, her arm.

Employer sought to enter a revised award agreement for PPD based on the PPD rating, but claimant refused to sign it. Therefore, employer requested a hearing pursuant to Code §§ 65.2-702 (failure to reach agreement) and 65.2-708 (change in condition), in order to resolve the issue of claimant's entitlement to PPD benefits. At the hearing, employer entered claimant's

- 2 -

medical designation report as well as the FCE into evidence. Claimant testified and entered into evidence a document from the "OrthoInfo" website, which generally discussed distal radial fractures. No additional evidence was presented by claimant regarding any permanent impairment to her shoulder.

Following the hearing, the deputy commissioner entered an award for PPD based on the 2% rating to claimant's left upper extremity. The full Commission affirmed the deputy commissioner's ruling. This appeal followed.

## II. ANALYSIS

Claimant argues that employer failed to meet the burden of proof that claimant had a 2% permanent partial impairment rating to her left upper extremity. Claimant argues that the FCE and PPD rating used by Dr. Desai to form the basis of his opinion should be ignored because it does not take into account her shoulder injury. Accordingly, she argues that the Commission erred in accepting the doctor's rating in its entry of the award for PPD benefits for claimant. We disagree.

## A. Burden of Proof

Before discussing the decision of the Commission, we must address the appropriate burden of proof in a workers' compensation claim. It is fundamental that when seeking benefits under the Workers' Compensation Act, a claimant always bears the burden of proof.

> The burden of proving a case beyond speculation and conjecture is on claimant. This means that claimants must establish the employment relationship, the work-connection of their injuries, the causal relationship between a work connected injury and their disabilities, the extent of their disabilities, and all the other facets of their claims by a preponderance of the evidence[.]

12 Arthur Larson et al., Larson's Workers' Compensation Law § 130.06(3)(a) (2019). See Virginia Dep't of Transp. v. Mosebrook, 13 Va. App. 536, 537 (1992) ("The burden [of proof] is upon a *claimant* to prove by a preponderance of the evidence that he sustained a compensable injury" which requires proof of an accident and an injury caused by that accident. (emphasis

- 3 -

added)); Williams v. Auto Brokers, 6 Va. App. 570, 571-72 (1988) ("One seeking compensation retains the burden of proving by a preponderance of the evidence that he sustained a compensable injury.").

Before the Commission and on appeal to this Court, both parties took the position that, as the party requesting a hearing, employer bore the burden of proof. However, the assignment of the burden of proof is a purely legal question. Mulford v. Walnut Hill Farm Group, 282 Va. 98, 111 (2011). Furthermore, while a party can concede the facts, we are not bound by a concession of law. "Our fidelity to the uniform application of law precludes us from accepting concessions of law made on appeal." Logan v. Commonwealth, 47 Va. App. 168, 172 (2005) (*en banc*). Thus, despite employer's acceptance of the burden of proof, we will evaluate the decision of the Commission recognizing that claimant bore the burden of proving her entitlement to PPD compensation.

### B. Compensable Injury

The Commission did not err in accepting the doctor's rating in its entry of the award for PPD benefits for claimant. Claimant did not offer medical evidence that she was entitled to more than a 2% impairment rating for her injured arm and accordingly failed to meet the burden of proof to establish compensable injury and PPD beyond what was outlined in the FCE.

"[I]n order to obtain benefits under Code § 65.2-503 for the loss of use of a particular body member, claimant must establish that [s]he has achieved maximum medical improvement and that [her] functional loss of capacity be quantified or rated." Cafaro Const. Co. v. Strother, 15 Va. App. 656, 661 (1993). "By statute, the commission's award is conclusive and binding on this Court as to all questions of fact when those findings are based on credible evidence." K & K Repairs, 47 Va. App. at 6; Code § 65.2-706. Furthermore, "the existence of 'contrary evidence . . . in the record is of no consequence if credible evidence supports the commission's finding.'" Id. (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229 (1991)).

Here, the Commission's award was based on credible evidence. Dr. Desai adopted the findings of the FCE, establishing that claimant suffered a 2% permanent disability attributable to the compensable accident and that claimant reached maximum medical improvement. The only "contrary evidence" claimant offered was a document from the "OrthoInfo" website, which only generally discussed distal radial fractures and was not specific to claimant's condition. Specifically, claimant offered no evidence that she suffered a permanent impairment in excess of the 2% rating set out in the FCE. The Commission did not err in holding that this "contrary evidence" was of no consequence because credible evidence supports the Commission's finding. See id.

The FCE and impairment summary include consideration of claimant's shoulder along with her hand, wrist, and elbow. Notably, the FCE references multiple instances of claimant's report of pain or stiffness in her left shoulder while performing certain tests/exercises for the evaluation. Despite all these notations, Dr. Desai signed the evaluation, agreeing with the impairment rating of "N/A"—that is, no applicable impairment rating—for claimant's shoulder and 2% for claimant's wrist.[1] Additionally, Dr. Matthew Walker, the orthopedic surgeon treating claimant's shoulder, did not provide an opinion contradicting Dr. Desai's opinion. Simply put, it was claimant's burden to establish any permanency rating beyond 2% maximum medical improvement, and she failed to do so. Accordingly, based on the evidence presented to it, the Commission did not err in holding that Dr. Desai's opinion was founded on a complete assessment of claimant's permanent partial impairment to her left arm. The Commission's award was based on uncontradicted credible evidence—the medical evidence before the

---

[1] To the extent that the notation "N/A" regarding claimant's shoulder injury is ambiguous, it was, as discussed above, claimant's burden to establish that the FCE was deficient. This she did not do. Furthermore, to the extent the Commission concluded that his notation meant that claimant did not have any residual impairment to her shoulder, that conclusion constitutes a factual finding to which we must defer.

Commission established that claimant had reached maximum medical improvement and suffered 2% permanent partial impairment to her left arm.

## III.  CONCLUSION

For the foregoing reasons, we affirm the decision of the Commission.

<u>Affirmed.</u>