302 A.2d 755.

ALFRED P. THIBAULT *vs.* BERKSHIRE HATHAWAY, INC.

APRIL 12, 1973.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is an employee's petition for specific compensation under G. L. 1956 (1968 Reenactment) §28-33-19(m)[1]. The trial commissioner granted the petition and, on appeal, the full commission affirmed. The cause is before us on the respondent's appeal from the decree entered by the full commission.

The facts are not in dispute. On January 30, 1968, petitioner sustained serious injuries to his spinal column and spinal cord when a door fell on top of him and knocked him down. The parties entered into a preliminary agreement under which petitioner was awarded regular weekly compensation benefits for total incapacity for the duration of total incapacity. The petitioner underwent a long period of hospitalization and treatment and after he was discharged from the hospital he was able to walk for a while with braces and crutches. On June 1, 1969, while attempting to walk at home, he fell. Thereafter he was confined to a wheelchair.

---

[1]Section 28-33-19, in pertinent part, reads as follows:

"Additional compensation for specific injuries.—In case of the following specified injuries there shall be paid in addition to and concurrently with all other compensation provided for in chapters 29 to 38, inclusive, of this title a weekly payment equal to one-half (½) of the average weekly earnings of the injured employee, but in no cases more than thirty dollars ($30.00) nor less than sixteen dollars ($16.00) per week.
* * *

"(m) Where any bodily member or portion thereof has been rendered permanently stiff or useless, compensation in accordance with the above schedule shall be paid as if the member or portion thereof had been severed completely, provided, however, that if the stiffness or uselessness is less than the total, then compensation shall be paid for such period of weeks in proportion to the period applicable in the event that said member or portion thereof has been severed completely as the instant percentage of stiffness or uselessness bears to the total stiffness or total uselessness of such bodily members or portion thereof."

In March, 1971, he filed this petition for specific compensation under §28-33-19.

At the hearing before the trial commissioner respondent argued that petitioner was not entitled to §28-33-19(m) specific compensation because the loss of use of his legs was caused by an injury to the spinal cord and not an injury directly to either leg. The trial commissioner rejected this argument. He found that on January 30, 1968, petitioner sustained a compensable injury while in respondent's employ; that as of June 1, 1969, he had sustained a permanent total loss of use of both of his legs; and that this loss was caused by the spinal cord injury on January 30, 1968. Accordingly he awarded petitioner specific compensation benefits for 312 weeks at the rate of $60 per week, together with costs, commencing June 1, 1969. As we have previously stated, the full commission affirmed the findings and orders of the trial commissioner. For the reasons which follow, we affirm the final decree entered by the full commission.

The narrow issue raised by this appeal is whether an employee who has suffered a permanent loss of the use of both legs as a result of an injury to the spinal cord is entitled to the specific compensation provided for in §28-33-19(m). This is a question of first impression in this state.

The respondent argues here, as it did before the commission, that §28-33-19(m) does not provide for specific compensation in a case such as this unless the loss of use of his legs resulted from a direct trauma or injury to his legs; that the type of injury sustained by petitioner is compensated for specifically in §28-33-17(e);[2] and that §28-33-19(m),

---

[2]Section 28-33-17 is the section of the Act which provides for the payment of weekly compensation benefits for total incapacity. It reads in pertinent part as follows:

"In the following cases it shall for the purpose of this section be conclusively presumed that the injury resulted in permanent total disability, to wit * * * (e) an injury to the spine resulting in permanent and complete paralysis of the legs or arms * * *."

when compared and contrasted with §28-33-17(e), does not indicate a legislative intent to provide paraplegics with specific compensation benefits or to award them any greater benefits than those for incapacity for work other than the presumption of permanent total disability. The respondent has discussed in some detail the history of this legislation and has cited several cases in support of its claim of lack of legislative intent to provide paraplegics with §28-33-19(m) benefits. On the view we take, neither the legislative history nor the cases cited by respondent are of any help to it and therefore require no further discussion.

Section 28-33-19(m) states:

"(m) Where any bodily member or portion thereof has been rendered permanently stiff or useless, compensation in accordance with the above schedule shall be paid as if the member or portion thereof had been severed completely * * *."

If the Legislature intended to limit the payment of such benefits to "direct" trauma to the affected member, it would have specifically said so. It is evident from the language of §28-33-19(1) that the Legislature was familiar with the term "external trauma." That section provides:

"(1) For the complete loss of hearing of either ear sixty (60) weeks; for the complete loss of hearing of both ears two hundred (200) weeks; provided, however, that such loss shall be due to *external trauma.*" (emphasis added)

The language of §28-33-19(m) is clear and unambiguous. It expresses the legislative intent in plain, ordinary language, and contains no words of limitation. See *In re Burns,* 218 Mass. 8, 12-13, 105 N.E. 601, 603 (1914). To hold that entitlement to §28-33-19(m) benefits depend upon the infliction of a direct trauma to the member involved would be to add language to the section which is not there. For this court to so limit the plain language of this section would most certainly do violence to the spirit and intent of the

Workmen's Compensation Act. *Aetna Casualty & Surety Co.* v. *Moore*, 361 S.W.2d 183, 187 (Tex. 1962). *Mustapha* v. *Patton-MacGuyer Co.*, 100 R. I. 493, 217 A.2d 240 (1966).

There is no merit to respondent's argument that the provisions of §28-33-17(e), which creates a conclusive presumption of permanent total disability where an injury to the spine results in permanent and complete paralysis of the legs or arms, indicates a lack of legislative intent to provide §28-33-19(m) specific compensation benefits in this type of case. There is no reason why §28-33-19(m) must or should be read in *pari materia* with §28-33-17(e). In fact the application of §28-33-17 was expressly limited by the Legislature to that section. That section reads: "In the following cases it shall *for the purpose of this section* be conclusively presumed * * * ." (emphasis added) The two sections are not irreconcilable; each can stand on its own.

For the reasons stated, we hold that an employee who has suffered a permanent loss of the use of both legs as a result of a severe injury to the spinal cord is entitled to specific compensation under §28-33-19(m) even though there was no direct trauma to each of his legs.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Doris did not participate.

*William J. McGair*, for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.*, for respondent.