**Alexandria**

WASHINGTON METROPOLITAN AREA

TRANSIT AUTHORITY

V.

BOBBIE EARL ROGERS

No. 0507-93-4

Decided February 1, 1994

COUNSEL

Robert C. Baker, Jr. (Mell and Brownell, on brief), for appellant.

Lawrence J. Pascal (Ashcraft & Gerel, on brief), for appellee.

OPINION

**ELDER, J.**—The Washington Metropolitan Area Transit Authority (hereinafter "employer") appeals the commission's award of benefits for Bobbie Earl Rogers' (hereinafter "claimant" or "employee") permanent partial disability. On appeal, employer contends that the commission erred (1) in holding that claimant was entitled to permanent benefits for the partial disability of his leg which resulted from an injury to his back; and (2) in refusing to credit employer for payments made to claimant by the self-insured employer's adjusting company following claimant's return to work for employer. For the reasons that follow, we affirm the commission's award.

All relevant facts are undisputed. Claimant's employer was self-insured but contracted with a servicing agent, Crawford and Company, to handle its workers' compensation claims. Claimant sustained an injury by accident in the course of his employment on May 31, 1988. Dr. Salter diagnosed him as suffering from a lumbar strain, which also resulted in the partial disability of his left leg. Employer's servicing agent accepted the injury as compensable and paid benefits from June 1, 1988, through August 26, 1991, except for one week during which claimant attempted to return to work.

Claimant returned to light-duty work for employer on February 4, 1991, earning more than his average weekly wage at the time of the injury. Employer's servicing agent was not notified of claimant's return to work, and it continued to pay claimant total disability benefits through August 26, 1991.

Over employer's objections, the commission entered an award for twenty percent permanent partial disability to claimant's left leg despite the fact that this disability resulted from injury to the back and not from injury to the leg itself. The commission also held that claimant had no duty to inform employer's servicing agent that he had returned to work with employer and, therefore, that employer had no entitlement to compensation for the alleged overpayment.

## I.

Employer argues first that the commission erred in awarding benefits for permanent partial disability to employee's leg. It is undisputed that employee sustained no direct injury to his leg; rather, an injury to his back caused the permanent partial disability to his leg. In addition, he experienced no reduction in earning capacity as a result of the in-

jury. Because the back is not listed in Code § 65.2-503 as a compensable organ or member, employer argues that an award under that section is inappropriate in this case. After careful review, we conclude that the commission did not err in awarding claimant benefits for permanent partial disability to his leg. The commission has previously resolved this question in the employee's favor, and approval of such an approach was implicit in this Court's holding in *Cafaro Construction Co. v. Strother*, 15 Va. App. 656, 662, 426 S.E.2d 489, 493 (1993).

Code § 65.2-503(A) provides compensation for permanent partial and permanent total loss and disfigurement of certain scheduled body parts and senses, including the legs but excluding the back. In addition to anatomical loss, it provides that "the permanent loss of the use of a member shall be equivalent to the loss of such member, and for the permanent partial loss or loss of use of a member, compensation may be proportionately awarded." Code § 65.2-503(D); *see Commonwealth, Dep't of Corrections v. Powell*, 2 Va. App. 712, 715, 347 S.E.2d 532, 533 (1986). Nowhere does that section specify that any loss of use must result from injury directly to the member itself. Therefore, we read the statute to allow compensation for any work-related injury which manifests itself in a scheduled member. *Cafaro*, 15 Va. App. at 662, 426 S.E.2d at 493; *see also Arnott v. Industrial Comm'n*, 438 P.2d 419, 422 (Ariz. 1968); *Owens-Illinois, Inc. v. Douglas*, 260 S.E.2d 509, 510-11 (Ga. Ct. App. 1979); *Fogle v. Sedgwick County*, 680 P.2d 287, 288 (Kan. 1984); *Paulson v. Muskegon Heights Tile Co.*, 123 N.W.2d 715, 718-19 (Mich. 1963); *Walker v. Oregon Comp. Dep't*, 432 P.2d 1018, 1019 (Or. 1967); *Thibault v. Berkshire Hathaway, Inc.*, 302 A.2d 755, 756-57 (R.I. 1973). *But see Long v. Director, Workers' Comp. Pgms.*, 767 F.2d 1578, 1580-82 (9th Cir. 1985) (reaching contrary conclusion under similar provision of the Longshore and Harbor Workers' Compensation Act). *See generally* 1C Arthur Larson, *The Law of Workmen's Compensation* § 58.13(b) (1993) (noting considerable disagreement in reported cases and theorizing that it may result from fact that classifying an injury as "scheduled" is sometimes a benefit and sometimes a drawback to claimant, depending upon specific nature of injuries). Contrary to employer's assertions, we do not view this interpretation as an impermissible extension of the Act's express provisions. Rather, we view it as a proper construction in keeping with the principle that the Act should be construed liberally in favor of the worker. *Barnett v. D.L. Bromwell, Inc.*, 6 Va. App. 30, 33-34, 366 S.E.2d 271, 272 (1988) (*en banc*).

## II.

Employer also claims the commission erred in holding that it was not entitled to a credit for benefits paid to claimant after he returned to work with employer at a rate higher than his pre-injury wage. Code § 65.2-712 clearly requires that an employee receiving compensation immediately

> disclose to the employer, when the employer is self-insured, or insurer in all other cases, any . . . return to employment or increase in his earnings. Any payment . . . later determined . . . to have been procured by the employee by fraud, misrepresentation, or failure to report any . . . return to employment or increase in earnings may be recovered from the claimant by the employer . . . either by way of credit against future compensation payments due the claimant, or by action at law against the claimant.

Although employee did return to work for the same employer, it is undisputed that he did not give notice to the servicing agent of his return. Employer argues that the statute provides no exception for this type of situation. The commission denied employer's request for the credit on the ground that employee's return to work for the same employer satisfied the statutory disclosure requirement.

■ In order for a self-insured employer to receive credit for payments made to the employee after his return to employment, the commission must determine that the employee failed to "disclose" or "report" his return to the employer. Code § 65.2-712 contains no additional requirements for a situation in which a self-insured employer contracts with a third party to handle its workers' compensation claims. The sole issue in this case is whether employee's return to work satisfied the statutory requirements. Disclosure to employer is all that is required under Code § 65.2-712, and that section does not dictate an exclusive means by which the employee is to accomplish that "disclosure." The legislature could have required, as it did in Code § 65.2-600, that such disclosure be in the form of a written notice setting forth certain specific information, but it did not. In addition, Code § 65.2-712 does not itself provide for the termination of benefits. Even after becoming aware of the employee's change in circumstances, employer still must file an application alleging a change in condition under Code § 65.2-708, and that section clearly states that "[n]o such review shall affect such award as regards any moneys

paid" after employee's return to work and before the entry of the award adjusting or terminating benefits, as long as the employee has complied with the terms of Code §§ 65.2-712, 65.2-1105, and 65.2-1205.[1] Section 65.2-1205, a provision concerning the Uninsured Employer's Fund, specifically requires that claimant provide *written notice* to the commission of any change in earnings, whereas Code § 65.2-712 contains no such requirement.

The commission found that the claimant's return to work for the pre-injury employer was actual notice which satisfied the disclosure requirement of Code § 65.2-712. We uphold that finding and concur in the commission's assertion that "the employer cannot be heard to complain of its own nonfeasance" in failing to notify the servicing agent.

For the aforementioned reasons, we affirm the ruling of the commission.

*Affirmed.*

Benton, J., and Fitzpatrick, J., concurred.

---

[1] However, upon filing a change in condition application under Code § 65.2-708, the commission may, pursuant to Rule 13(C), suspend compensation pending a hearing.