COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Humphreys and Kelsey
Argued at Alexandria, Virginia

UNPUBLISHED

SIMON MICHAEL TREVATHAN

MEMORANDUM OPINION[*] BY
v.       Record No. 2266-12-4            CHIEF JUDGE WALTER S. FELTON, JR.
JULY 16, 2013

LOUDOUN COUNTY SCHOOL BOARD,
 LOUDOUN COUNTY PUBLIC SCHOOLS/
 PMA MANAGEMENT CORPORATION AND
 VACO RISK MANAGEMENT PROGRAMS, INC.

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

David L. Bayne (Ashcraft & Gerel, LLP, on brief), for appellant.

(J. David Griffin; Winchester Law Group, P.C., on brief), for
appellees.  Appellees submitting on brief.


Simon Michael Trevathan ("claimant") appeals from the Workers' Compensation

Commission's ("commission") denial of his claim for permanent partial disability benefits under

Code § 65.2-503 for loss of use of his left leg, resulting from a compensable work-related injury

on September 29, 2008.  For the following reasons, we affirm the decision of the commission.

I.  BACKGROUND

"We view the evidence on appeal in the light most favorable to [employer], the prevailing

party before the commission."  Dunnavant v. Newman Tire Co., 51 Va. App. 252, 255, 656

S.E.2d 431, 433 (2008).  Claimant suffered a compensable work-related injury on September 29,

2008.  At the time of his injury, claimant was a teacher at the Douglass School, a part of Loudoun

County Public Schools ("employer").  During recess with a special education class, claimant was

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

running with the students and fell.  He suffered a dislocated left hip and fractured the left femoral head and the left femoral neck.  By order dated February 2, 2009, the commission awarded claimant disability compensation benefits, as well as lifetime medical benefits for his work-related injury.

On March 11, 2011, claimant filed a claim with the commission for permanent partial disability benefits for loss of use of his left leg.  In a letter dated March 2, 2011, claimant's treating physician, Dr. Matthew B. Gavin, opined that claimant had suffered 25% impairment to his left lower extremity, based upon the Guidelines to the Evaluation of Permanent Impairment, Sixth Edition.  He stated that claimant "would also not be able to run for the rest of his life."  In that report, Dr. Gavin noted that claimant "has some persistent pain in the left hip . . . on the anterior aspect.  It bothers him if he sits or stands for a long period of time."

At a hearing before Deputy Commissioner Colville on August 23, 2011, employer agreed that claimant had reached maximum medical improvement, but asserted that there was no ratable loss of a member or functional loss under Code § 65.2-503.  Claimant testified at the hearing that, after the work-related accident, he underwent surgery to repair the broken femur.  He participated in physical therapy, but conservative treatment failed.  He then underwent a total hip replacement.  He later returned to his pre-injury employment.  He testified that, after he sat for a long period of time, he experienced pain in his hip area.  Claimant did not walk with a limp.  However, he testified that he could no longer run or jump.

The deputy commissioner denied claimant's request for an award of permanent partial disability benefits for loss of use of his left leg.  The deputy commissioner concluded that other than establishing a 25% impairment rating for claimant's left leg, Dr. Gavin did not further explain that rating.  The deputy commissioner stated that she had reviewed the AMA Guidelines and determined that Dr. Gavin's rating was "in accord with the surgical procedure reflected in the only diagnosis"

and that claimant's reported symptoms involved only the hip. She concluded that the evidence did not establish that claimant's left hip had resulted in a functional loss of use of the left leg.

Claimant filed a request for review by the full commission on September 14, 2011. He argued that there was no other medical opinion to contradict Dr. Gavin's assessment that claimant had a 25% impairment to his left leg. He contended that, because he cannot run or jump, he proved that his hip injury manifested itself in his left leg and that he was entitled to an award for loss of use of his left leg under Code § 65.2-503. The full commission affirmed the deputy commissioner's decision that claimant was not entitled to compensation for loss of use of a ratable member under Code § 65.2-503. Commissioner Marshall dissented, stating that

> [t]he majority incorrectly holds since the claimant's injury in this matter was defined as being to his hip, there was no basis to award permanent partial disability benefits for a loss of use of his leg. The problem with this analysis is that the hip injury encompassed the hip joint which necessarily included portions of the claimant's left leg. We cannot substitute form over substance and we cannot ignore that the claimant, as a direct result of his work accident, suffered a severe injury to his femur, a part of his left leg included in the hip joint.

(Footnotes omitted). This appeal followed.

## II. ANALYSIS

In its role as the finder of fact, "the [c]ommission resolves all conflicts in the evidence and determines the weight to be accorded the various evidentiary submissions." Bass v. City of Richmond Police Dep't, 258 Va. 103, 114, 515 S.E.2d 557, 563 (1999). On appeal, "'it is our duty to determine whether credible evidence supports the [c]ommission's finding . . . and, if such evidence exists, to sustain the finding.'" Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985) (alteration in original) (quoting Cook v. City of Waynesboro, 225 Va. 23, 31, 300 S.E.2d 746, 750 (1983) (citations omitted)).

> Code § 65.2-503(A) provides compensation for permanent partial and permanent total loss and disfigurement of certain scheduled body parts and senses, including the legs but *excluding the [hips]*.

- 3 -

In addition to anatomical loss, it provides that "the permanent loss of the use of a member shall be equivalent to the loss of such member, and for the permanent partial loss or loss of use of a member, compensation may be proportionately awarded."

Washington Metro. Area Transit Auth. v. Rogers, 17 Va. App. 657, 659, 440 S.E.2d 142, 144 (1994) (emphasis added) (quoting Code § 65.2-503(D)). The commission noted that "[h]ip injuries are not covered by Virginia Code § 65.2-503, but if the hip injury manifests itself in the loss of use of a ratable member, i.e., leg, it is compensable."

Claimant had the burden of proving the level of impairment from his work-related injury. Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677-78, 401 S.E.2d 213, 215 (1991). Here, the evidence in the record established that even though claimant was unable to run or jump because of his hip replacement, he walked without a limp and was biking 80 miles per week as of August 23, 2010. Other than the 25% impairment rating to claimant's left leg, there is no other evidence that he suffered any loss of use to his left leg as a result of his compensable work-related injury. As the commission stated,

[e]ven if we assumed that some portion of the 25-percent lower extremity rating was the result of a specific injury to the femur, or caused some loss of use of the leg, there is no way to separate out what portion of the 25-percent rating would be attributable to the leg, rather than to the hip.

### III. CONCLUSION

Because there was no way to separate out what portion of the 25% impairment rating was for claimant's leg as opposed to his hip, we conclude the commission did not err in denying claimant's request for permanent partial disability benefits under Code § 65.2-503 for loss of use of his left leg.

Affirmed.