COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, Huff and Chafin
Argued at Alexandria, Virginia


NORTHERN VIRGINIA TRAINING CENTER/
  COMMONWEALTH OF VIRGINIA
                                             MEMORANDUM OPINION* BY
v.       Record No. 0724-14-4               JUDGE ROSSIE D. ALSTON, JR.
                                             DECEMBER 2, 2014
CECELIA ADOMAKO


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Scott John Fitzgerald, Senior Assistant Attorney General
        (Mark R. Herring, Attorney General; Rhodes B. Ritenour, Deputy
        Attorney General; Peter R. Messitt, Senior Assistant Attorney
        General, on brief), for appellant.

        W. David Falcon, Jr. (Chasen & Boscolo, P.C., on brief), for
        appellee.


        Northern Virginia Training Center ("employer") challenges the commission's award of

permanent partial disability benefits to Cecelia Adomako ("claimant").  Employer asserts that the

commission erred in finding that claimant met her burden of proving her claim for permanency

benefits for loss of use of her right arm, because the evidence reflects impairment only to

claimant's right shoulder.  Finding no error in the commission's award, we affirm.

                                    BACKGROUND[1]

        On appeal from the commission, "we view the evidence in the light most favorable to the

party prevailing below."  Tomes v. James City Fire, 39 Va. App. 424, 429-30, 573 S.E.2d 312,

        _____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] As the parties are fully conversant with the record in this case and because this
memorandum opinion carries no precedential value, this opinion recites only those facts and
incidents of the proceedings as are necessary to the parties' understanding of the disposition of this
appeal.

315 (2002) (citing R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990)).

So viewed, the evidence indicated that claimant suffered a compensable right shoulder injury on March 3, 2009, for which she was awarded temporary total disability benefits and lifetime medical benefits. In January 2012, claimant's treating physician limited her to light-duty work with no lifting more than twenty pounds with her right arm. Shortly thereafter, claimant filed applications for permanent partial disability benefits for her right arm. In support of her claim for permanent partial disability benefits, claimant testified that she continued to have problems associated with her right shoulder, including pain, trouble sleeping, and difficulty holding objects in her right hand.

Dr. Fredric Salter examined claimant on March 20, 2012. He identified claimant's chief complaints as right shoulder and arm pain, and noted within claimant's medical records a restriction on lifting over twenty pounds with her right arm. Dr. Salter also examined claimant's right shoulder, which revealed restricted range of motion, including diminished flexion, extension, abduction, adduction, internal rotation, and external rotation. Dr. Salter also noted that claimant experienced "pain with resisted forward elevation." Dr. Salter diagnosed claimant with "posttraumatic tendinosis and subacromial bursitis of the right shoulder with resulting adhesive capsulitis." He further opined that, absent additional treatment, claimant had reached maximum medical improvement. Citing the AMA Guides to Permanent Partial Impairment, Fifth Edition, Dr. Salter concluded that claimant's diminished range of motion and loss of strength warranted a 34% impairment. In response to an inquiry by claimant's counsel, Dr. Salter subsequently clarified that his impairment rating was for claimant's right arm, not her right shoulder.

In the months following Dr. Salter's examination, claimant continued treatment with her treating physician, Dr. H. Edward Lane, III. On May 15, 2012, Dr. Lane examined claimant and noted "no significant change in her shoulder." Dr. Lane further concluded that claimant had reached maximum medical improvement and opined that claimant was capable of light-duty work, "lifting no more than 20 pounds and limiting . . . lifting through the right arm."

Following an evidentiary hearing, the deputy commissioner entered an order awarding claimant permanent partial disability benefits for loss of use of her right arm. Employer requested review of that award.

On review, the commission affirmed the deputy commissioner's award of permanent partial disability benefits for claimant's loss of use of her right arm. The commission concluded that "a reasonable reading of Dr. Fredric L. Salter's report and references to the AMA Guides indicate[d] he intended to evaluate . . . claimant's loss of use of her arm." Indeed, the commission noted that Dr. Salter identified claimant's chief complaint as "right shoulder and arm pain" and noted claimant's right arm lifting restriction. Moreover, Dr. Salter "specifically and unequivocally indicated [his] rating pertain[ed] to . . . claimant's arm." Thus, the commission concluded that the tests Dr. Salter performed on claimant's right shoulder "reveal[ed] the loss of use to [claimant's] upper extremity, and . . . [Dr. Salter's] ratings [were] for impairment to [claimant's] [right arm] as a result of damage to the shoulder joint." In the absence of any contradictory medical evidence in the record, the commission affirmed the deputy commissioner's award of permanent partial disability benefits to claimant for the 34% loss of use of her right arm.

Dissenting from the commission's opinion, Commissioner Williams found that claimant had failed to prove any loss of use of her arm as a result of her compensable injury. Commissioner Williams specifically noted

the lack of any injury to . . . claimant's arm, the lack of any symptoms related to her arm, the lack of any testimony by . . . claimant that she has lost any function in her arm, the lack of any medical diagnosis relating to her arm and the lack of any examination or measurement of . . . claimant's arm function by Dr. Salter.

Although mindful that Dr. Salter indicated his 34% rating was to claimant's right arm, Commissioner Williams reasoned that Dr. Salter's statement was unpersuasive given his failure to explain how he reached his rating from evidence of loss of shoulder function only. In the absence of any such evidence, Commissioner Williams concluded that claimant had made no showing of a loss of function to her arm as a result of the compensable injury.

This appeal followed.

ANALYSIS

Employer challenges the commission's award of permanent partial disability benefits to claimant. According to employer, Dr. Salter's opinion that claimant suffered right arm impairment is unsupported by the facts in evidence because Dr. Salter "based [his rating] entirely on impairments to [claimant's] shoulder, specifically shoulder movement limitations." Accordingly, employer alleges that the commission erred as a matter of law by accepting Dr. Salter's opinion and finding that claimant satisfied her burden of proving her claim for permanent partial disability benefits.

"Code [§ 65.2-503] establishes presumptive ratings for the loss of particular body members and also provides that 'for the permanent partial . . . loss of use of a member compensation may be proportionately awarded.'" Cafaro Constr. Co. v Strother, 15 Va. App. 656, 661, 426 S.E.2d 489, 492 (1993) (quoting Code § 65.2-503). "Code § 65.2-503(B) 'provides a schedule of benefits for the loss of specific body parts,'" including the loss of use of an arm. Va. Natural Gas, Inc. v. Clinton Tennessee, 50 Va. App. 270, 279, 649 S.E.2d 206, 211 (2007) (quoting Stanfield v. City of Hampton Fire & Rescue, 31 Va. App. 240, 241, 522 S.E.2d

- 4 -

404, 405 (1999)). The shoulder is not a scheduled body part under Code § 65.2-503. However, this Court has "read the statute to allow compensation for any work-related injury which manifests itself in a scheduled member." Washington Metropolitan Area Transit Authority v. Rogers, 17 Va. App. 657, 659, 440 S.E.2d 142, 144 (1994) (citations omitted) (affirming the commission's award of permanent partial disability benefits for the claimant's loss of use of his leg (a scheduled body part) that resulted from the claimant's work-related injury to his back (a non-scheduled body part)).

In determining permanent partial disability benefits, this Court has held that "the commission must rate 'the percentage of incapacity suffered by the employee' based on the evidence presented [to it]." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991) (quoting County of Spotsylvania v. Hart, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977)). In other words, to prevail on a claim for permanent partial disability benefits, a claimant must present evidence to the commission that she has reached maximum medical improvement and has a ratable impairment to a scheduled member. Cafaro Constr. Co., 15 Va. App. at 661, 426 S.E.2d at 492. Here, the only medical opinion concerning claimant's functional impairment was provided by Dr. Salter, who stated that claimant suffered functional impairment to her right arm. See Hungerford, 11 Va. App. at 677-78, 401 S.E.2d at 215 (stating that "a medical rating of [an] employee's disability is evidence" of an employee's functional loss).

The commission considered Dr. Salter's report and concluded that "[t]he tests [Dr. Salter] performed on [claimant's] shoulder reveal[ed] the loss of use to [claimant's right arm]." That decision is not without support in the record. See Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985) (stating that "'it is our duty to determine whether credible evidence supports the [c]ommission's finding . . . and, if such evidence exists, to sustain the

finding.'" (quoting Cook v. City of Waynesboro, 225 Va. 23, 31, 300 S.E.2d 746, 750 (1983))).

Indeed, Dr. Salter explicitly stated that the 34% impairment rating applied to claimant's right arm. In reaching that decision, Dr. Salter performed objective tests that evinced impairment to claimant's right upper extremity and reviewed claimant's medical records, which included lifting restrictions placed on claimant's right arm. See Great N. Nekoosa Corp. v. Wood, 37 Va. App. 54, 63-64, 553 S.E.2d 555, 559 (2001) ("[A]n expert's opinion must be supported by facts within his or her knowledge or established by other evidence." (citation omitted)). Dr. Salter also identified claimant's chief complaints as "right shoulder *and* arm pain." (Emphasis added). Dr. Salter's medical opinion is not contradicted by conflicting medical evidence in the record. In point of fact, Dr. Salter's opinion -- that claimant experienced impairment to the use of her right arm as a result of her diminished range of motion and strength -- is consistent with the restriction Dr. Lane placed on claimant's use of her right arm.

Based on this record, we cannot say that the commission erred in crediting Dr. Salter's opinion that claimant suffered functional impairment to her right arm as a result of the injury to her shoulder. Accordingly, we affirm the commission's decision awarding claimant permanent partial disability benefits.

Affirmed.