COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

MIRNA RIVERA

v.        Record No. 0031-18-4

KOHL'S DEPARTMENT STORES, INC. AND
 NEW HAMPSHIRE INSURANCE COMPANY

MEMORANDUM OPINION* BY
JUDGE WILLIAM G. PETTY
JULY 10, 2018

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Michael Herdman (Chasen & Boscolo, P.C. on brief), for appellant.

Ciara Wren Malone (Alex M. Mayfield; Franklin & Prokopick, P.C.,
on brief), for appellees.


Mirna Rivera argues on appeal that the Workers' Compensation Commission erred in

concluding that she failed to provide evidence of permanent partial disability to her left leg

within the thirty-six-month limitation period set by Code § 65.2-708, even though she provided

evidence of multiple lumbar back surgeries within that time period.  Finding no error, we affirm.

BACKGROUND

Rivera suffered a compensable workplace injury on April 26, 2012,[1] while working for

Kohl's Department Stores, Inc.  Rivera filed a claim in November 2013 requesting medical

benefits, compensation, temporary total disability, and permanent disability.  On the claim

application, she listed her back, right leg, and left elbow as the affected body parts.  The parties

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commission found the date of the compensable injury was April 26, 2012.  The record refers in several places to April 29, 2012, as the date of the injury.  The discrepancy does not affect our analysis.

agreed to an award of lifetime medical benefits for the injury, and the Commission so ordered. In November 2015, the Commission granted Rivera benefits for a requested back surgery, over Kohl's objection. In November 2016, Rivera's treating physician released her to full duty after a physical examination. The examination determined, among other things, that the left leg had "full active and passive range of motion in the left hip and knee," that the reflexes were "normal at the knee and ankle," and that Rivera was taking no medication for pain. On March 9, 2017, Rivera filed a claim for permanent partial disability benefits to her left leg; the November 2013 claim for disability was incorporated in the application. In support of her claim, Rivera submitted a doctor's evaluation dated December 20, 2016 which opined that Rivera suffered a 60% loss-of-use of her left leg.

The Commission denied her disability claim. It concluded that Rivera "failed to prove sufficient evidence of a permanent impairment [of the left leg] within the statutorily required time frame." This appeal followed.

ANALYSIS

"Code § 65.2-503(A) provides compensation for permanent partial and permanent total loss and disfigurement of certain scheduled body parts and senses, including the legs but excluding the back." Wash. Metro. Area Transit Auth. v. Rogers, 17 Va. App. 657, 659, 440 S.E.2d 142, 144 (1994). The statute allows "compensation for any work-related injury which manifests itself in a scheduled member" whether the loss is a direct result of the work-related injury or a compensable consequence. Id. The Code provides that "36 months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503" and "[i]n those cases where no compensation has been paid, the Commission may make an award under § 65.2-503 within 36 months from the date of the accident." Code § 65.2-708(A), (B). The disability must be present and existing when the application for

disability benefits is filed; it cannot anticipate a future disability. See Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 678, 401 S.E.2d 213, 215 (1991) (affirming award where "[the] disability was present and existing when the application was filed; therefore the application did not anticipate a future disability and did give the employer sufficient notice of the claim" (citation omitted)). The claimant has "the burden of proving by a preponderance of the evidence the existence of a disability which was the consequence of the injury by accident." Brown v. United Airlines, Inc., 34 Va. App. 273, 277, 540 S.E.2d 521, 523 (2001). "Unless we can say as a matter of law that the evidence submitted by [Rivera] was sufficient to sustain [her] burden, then the Commission's finding that [s]he did not suffer [a disability as a consequence of her] injury by accident is binding and conclusive upon us." Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Here, it is uncontested that Rivera suffered a compensable workplace injury to her back and elbow on April 26, 2012. Kohl's concedes "there is no dispute that [Rivera] filed a claim for permanent partial disability within the thirty-six-month period."[2] However, that, in and of itself, does not satisfy the requirements of the statute. Rivera was required to show she suffered the disability to the claimed body party within thirty-six months of the injury, or, in other words, by April 26, 2015. See Code § 65.2-708(B). Rivera did not claim a left leg injury on her November 2013 application requesting medical benefits, compensation, temporary total disability, and permanent disability for her workplace injury. Neither did she provide evidence that the

---

[2] The Commission also accepted the November 2013 filing for disability compensation as timely even though it did not mention the left leg. Because the timeliness of the application for left-leg disability compensation was not raised on appeal, we will not address it here. See Diaz v. Wilderness Resort Ass'n & Liberty Mut. Ins. Co., 56 Va. App. 104, 115-16, 691 S.E.2d 517, 523 (2010) ("It is also well settled that the time provisions of Code § 65.2-708 are not jurisdictional and may be waived.").

disability to her left leg existed at the time she filed the claim.[3]  See Hobson, 11 Va. App. at 678, 401 S.E.2d at 215.  The doctor's evaluation submitted by Rivera in support of her claim was dated December 20, 2016, and was amended on January 31, 2017 to include the statement that Rivera's "overall impairment of 60% of the left lower extremity [w]as a result of the injury of April 29, 2012."  It did not, however, state when the left leg disability began or what caused it.  Likewise, Rivera's testimony before the Deputy Commissioner[4] did not provide evidence regarding the onset of the disability.  When Rivera's attorney asked Rivera what problems she was having with her left leg, Rivera asked, "Before surgery or after surgery?"  The attorney told her to describe the problems she was having "right now."  The attorney did not elicit any testimony concerning the onset of left leg pain or its connection to the original injury.

Rivera argues that her multiple back surgeries showed she had an ongoing disability.  Although a leg disability as a result of back injury might qualify in some instances as a compensable consequence, see Rogers, 17 Va. App. at 659, 440 S.E.2d at 144, Rivera did not show that the leg disability in this case was related to her compensable back injury.  The Deputy Commissioner noted, "In making this determination, we carefully reviewed the medical evidence submitted by the parties, as well as the other medical documentation in the Commission's file."  The Deputy Commissioner found there was simply nothing in the medical records or testimony

---

[3] To the extent that Kohl's relies on this Court's unpublished opinion Target Corp. v. Velasquez for the proposition that a claimant must prove the permanency of the disability within the time limitation of Code § 65.2-708, that reliance is misplaced.  See Target Corp. v. Velasquez, 2013 Va. App LEXIS 4 ("Employer argues that under Code § 65.2-708(B), a claimant must not only file a claim for permanent partial disability benefits, but must also provide evidence of permanent impairment, within thirty-six months from the date of the accident.  We disagree.").  Because Rivera provided *no* evidence of left leg disability within the time limitation, we need not address today whether evidence of permanency was also required.

[4] Despite the parties' failure to include the hearing testimony in the appendix, we elect to include it in our decision.  "It will be assumed that the appendix contains everything germane to the assignments of error.  The Court of Appeals may, however, consider other parts of the record."  Rule 5A:25(h).

indicating Rivera had a disability to her left leg within thirty-six months of the workplace injury. The full Commission agreed. We agree as well.

CONCLUSION

It was Rivera's burden to prove she suffered within the time limitations of Code § 65.2-708 a left leg disability which was the consequence of the workplace injury. <u>See</u> <u>Brown</u>, 34 Va. App. at 277, 540 S.E.2d at 523. The Commission did not err in finding she failed to meet her burden. The Commission correctly denied her left leg disability claim. Accordingly, we affirm.

<u>Affirmed.</u>